EASTMAN VS. SCHETTLER.

A purchaser of land at a sheriff's sale, under a judgment, has a right to impeach the validity of a conveyance of the land made by the judgment debtor, before the judgment was rendered, with intent to hinder and defraud creditors.

Whether a judgment is a lien on land previously conveyed by the judgment debtor, depends upon whether the conveyance was fraudulent or not as to creditors.

APPEAL from the Circuit Court for *Brown* County.

Action to recover land. The complaint alleged that on the 2d day of March, 1839, Dominique Brunette, being then seized of the land in dispute, conveyed it to his son, Augustine, in trust for the grantor and certain of his children; that said conveyance was made without consideration, and with intent to hinder and delay creditors; that at the time it was made, a suit was pending in the circuit court for Brown county, in favor of Meade and others, the executors of one Lawe, against said Dominique, in which a judgment was afterwards rendered against him, and under an execution thereon, the land was sold to the plaintiff, and conveyed to him by the sheriff; that the defendant is in possession under a deed from said Dominique and Augustine, dated in June, 1856, and unlawfully withholds the same. An answer was filed.

On the trial, the plaintiff, after offering proof to show the title of Dominique Brunette to the land in dispute at the date of the conveyance to Augustine, offered in evidence the record of the judgment in favor of Meade and others against said Dominique, rendered on the 2d of October, 1849. This evidence was objected to, and the court sustained the objection, holding that the judgment was not admissible, because, the premises having been conveyed by Dominique Brunette before the judgment was rendered, it was no lien upon them, and because the plaintiff did not stand in the place of a creditor of said Dominique, and therefore could not controvert the *bona fides* of the conveyance from him to the defendant.

*Howe & Beckwith*, for appellant.

*John C. Neville* and *E. H. Ellis*, for respondent. [No argument on file.]

*By the Court*, COLE, J. It appears to us there is no ground for saying that the appellant was not in a situation to attack the validity of the sale from Dominique to Augustine Brunette. He claimed as a purchaser at the sheriff's sale under a judgment against Dominique, and stands in reference to the property precisely in the place of the judgment creditor. If

January Term, 1861.

EASTMAN
v.
SCHETTLER.

January 8.

for any reason, as, for instance, fraud in that conveyance, the judgment creditor could reach the property, and subject it to the payment of his judgment, then, clearly, the appellant could assail the conveyance for a like reason. He represented the judgment creditor and was clothed with his rights, by virtue of his purchase at the sheriff's sale. This appears to us very obvious.

The circuit court further held that the judgment recovered against Dominique Brunette in favor of Lawe's executors, never became a lien upon the property. But it is manifest that whether the judgment became a lien or not, depended entirely upon the question as to whether the conveyance from Dominique to his son was valid or not. The appellant contends that this conveyance was made with intent to hinder and delay creditors. That is his case. If he establishes that proposition, and shows that the conveyance was fraudulent and void as to creditors, then the judgment became a lien. It is worthy of remark, that the conveyance was made during the pendency of the suit in which judgment was recovered; or at all events, the deed from Dominique to Augustine bore date March 2d, 1849, while it appears the suit was commenced a few days before that time. The pendency of the suit, with other things, would undoubtedly be relied on by the appellant to establish the bad faith of the transaction. And if he made out his case, and showed that the conveyance was void as to the creditors of Dominique Brunette, then it would be void as to him.

Of course we lay out of view entirely all questions which may arise upon the matters set up in the answer, if they should be established by the evidence, and also all questions growing out of the subsequent conveyance made by Dominique and Augustine in 1856 to the respondent. These matters will undoubtedly be relied upon by the respondent in his defense to the action. But the circuit court did not reach the defense at all. It held that the appellant did not stand in the place of a creditor of Dominique Brunette, and therefore could not controvert the *bona fides* of the conveyance from him; and this view of the case we deem erroneous. If any authority were necessary to support the views

we have expressed, we think they will, in effect, be sustained, by the cases cited upon the brief of the counsel for the respondent. *Sands vs. Hildreth*, 14 J. R., 492; *Jackson vs. Terry*, 13 id., 471; *Jackson vs. Myers*, 18 id., 425; *Anderson vs. Boyd*, id., 513; 4 Wis., 268; 7 id., 197; *Reynolds vs. Vilas*, 8 Wis., 471; 1 Smith's Lead. Cases, 1.

The judgment of the circuit court is therefore reversed, and a new trial ordered.