22210. GOVERNMENT EMPLOYEES INSURANCE COMPANY v. HARDIN.

ARGUED OCTOBER 14, 1963—DECIDED NOVEMBER 7, 1963—RECONSIDERATION DENIED NOVEMBER 19, 1963.

*Fulcher, Fulcher, Hagler & Harper,* for plaintiff in error.
*Randall Evans, Jr.,* contra.

DUCKWORTH, Chief Justice. This court granted the writ on the assumption that no proper demand had been made 60 days before the filing of the suit, and petitioner having failed to comply with *Code Ann.* § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712) the verdict for attorney fees and penalty would not lie. After carefully reading the record we are convinced that the demand had been made some three or four months before suit was filed and all proof of loss waived for a like period since the insurer was insisting on damages in the amount of $474.52, whereas the insured was insisting on approximately $950 during this period of debate, which was much more than 60 days before the suit was filed. We have also re-examined the ruling of the Court of Appeals that the evidence that the defendant was insisting on repairing with used parts at a cost of $474.52 and when invited to do so was unwilling to undertake it, was some evidence from which the jury may have found that the defendant was acting in bad faith, particularly where it failed to insist on arbitration but desired the petitioner to request it. That court

merely held that it would not hold as a matter of law "the defendant's refusal of the plaintiff's demand to repair the automobile and restore it to its former condition was justified on the basis of the facts appearing to the defendant at the time of the refusal." There was some evidence from which the jury could find the defendant was acting in bad faith. See in this connection, *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305 (127 SE2d 454). For the reasons stated above the Court of Appeals did not err in affirming the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*