Robert R. LYNCH and Frances Dunn, Plaintiff-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 90-2568. Submitted on briefs April 2, 1991.—Decided July 2, 1991.*

(Also reported in 473 N.W.2d 515.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Lawrence M. Shindell, Anne B. Shindell,* and *Jeffrey N. Gingold* of *Shindell & Shindell* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Robert C. Burrell* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J. This action arises out of a dispute between Robert R. Lynch and Frances Dunn and their homeowners insurance company, American Family Mutual Insurance Company, over the amount owed by American Family for an insured loss sustained by Lynch and Dunn. The issue presented here is a matter of first impression in Wisconsin; namely, whether an insurance company may invoke the appraisal clause in its policy subsequent to the filing of a lawsuit against it when it had ample opportunity to invoke the clause prior to commencement of the action but failed to do so. The trial court stayed Lynch and Dunn's lawsuit pending completion of the appraisal process set out in the insurance policy. We reverse.

## I.

The loss occurred in December of 1989 when water pipes broke in the Lynch and Dunn home. Lynch and Dunn notified American Family of the loss and were told by American Family to get a damage appraisal from a reputable construction firm. Lynch and Dunn selected a construction firm that had been approved by American

1005

Family for the initial clean-up work. The firm estimated Lynch and Dunn's loss at $23,204. American Family's adjuster, however, estimated the loss at $10,786. Subsequently, the adjuster got estimates from two additional contractors who both represented that they could repair the damage for $14,689.

Lynch and Dunn and American Family failed to resolve their differences. On March 12, 1990, American Family sent to Lynch and Dunn a check for $14,589 ($14,689, less a $100 deductible). The March 12 check was accompanied by a letter to Lynch and Dunn referring them to their homeowners policy:

> Please refer to Paragraph 5, Our Settlement Options. 'In the event of a covered loss, we have the option to:
>
> a. Make a cash settlement for all or part of the damaged property; or,
>
> b. Pay the cost to repair, rebuild or replace all of the necessary part(s) of the damaged, destroyed or stolen property with like property, as of the time of loss, less an allowance for depreciation when replacement cost coverage does not apply, etc.'
>
> We have selected our option to pay you the full replacement cost for all the remaining repairs from the water damage of December 22, 1989. We are making the full replacement cost payment direct to you and your mortgage company with the understanding that you will complete the repairs as scoped in our estimate.

On the lower right hand corner of American Family's copy of the letter was the handwritten notation "Suspense For 30 Days & Close." The handwritten note was dated March 13, 1990.

1006

Lynch and Dunn did not cash American Family's check. Rather, on June 4, 1990, they filed a complaint against American Family with the Office of the Commissioner of Insurance. By letter dated August 6, 1990, American Family sent to Lynch and Dunn copies of the two $14,689 appraisals and complained that Lynch and Dunn's contractor "refuses to negotiate on their final price." In light of this impasse, American Family's August 6th letter advised Lynch and Dunn of the following:

> Since we are unable to reach an agreed price with the contractor of your choice, we would call attention to the portion of your policy on Page 7 stated as 'Appraisal.' I have photocopied this portion of your policy and have enclosed it with this letter. If you wish to follow this course of action, please contact our office with the name, address and phone number of your appraiser.

Lynch and Dunn commenced this action on September 18, 1990. Their complaint sought a declaratory judgment that American Family had breached its contract of insurance and ancillary relief. American Family responded with an answer, which asserted that the insurance policy was subject to the appraisal clause, and a motion to stay the proceedings, which contended that completion of the appraisal process was condition precedent to the lawsuit. Although American Family's answer claimed that it had invoked the clause in an August 27, 1990, letter to Lynch and Dunn's attorney, American Family's motion alternatively argued that "[e]ven if American Family did not invoke the appraisal clause on August 27, 1990, it does so now." American Family's August 27, 1990, letter to Lynch and Dunn's lawyer did not invoke the appraisal process but, rather, expressed an intention to do so "in the event a law suit *[sic]* is

commenced." *Cf. Government Employees Ins. Co. v. Hardin,* 132 S.E.2d 513, 515 (Ga. Ct. App.) (insurance company's letter calling insured's attention to appraisal clause was not demand for an appraisal), *aff'd,* 133 S.E.2d 873 (Ga. 1963). American Family's appellate brief does not argue otherwise. Accordingly, the only issue before us is whether American Family's purported invocation of the appraisal process in its motion for a stay was valid. *See Reiman Assocs., Inc. v. R/A Advertising, Inc.,* 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (matters raised before the trial court but not argued on appeal are waived). We hold that, absent a policy provision to the contrary, an insurance company may not demand an appraisal of a loss after the commencement of an action by the insured on that loss when the insurance company failed to demand the appraisal prior to the lawsuit even though it had an opportunity to do so.

## II.

The American Family policy contracts to "adjust all losses" with the policyholder in the following manner:

> Loss will be payable 30 days after we receive your proof of loss and:
>
> a. we reach agreement with you;
>
> b. there is an entry of final judgment; or
>
> c. there is a filing of an appraisal award with us.

(Bold in original deleted.)

The appraisal clause in the American Family policy provides:

> Appraisal. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In

1008

this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Insured premises is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by you and us.

(Bold in original deleted.) The appraisal clause is specifically permitted by section 631.85, Stats., which provides that "[a]n insurance policy may contain provision for independent appraisal and compulsory arbitration." The policy does not establish a time by which the appraisal demand must be made.

 Although the words "appraisal" and "arbitration" are occasionally used interchangeably, there is a distinction between the two terms. 14 *Couch on Insurance 2d* (rev. ed. 1982) §§ 50:2, 50:3, 50:5-7. Specifically:

An agreement for arbitration, as that term is now generally used, encompasses the disposition of the entire controversy between the parties upon which award a judgment may be entered, whereas an agreement for an appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for

settlement by negotiation, or litigated in an ordinary action upon the policy.

*Id.,* § 50:5, at 164–165 (footnotes omitted). *See also Hawkinson Tread Tire Serv. Co. v. Indiana Lumbermens Mut. Ins. Co.,* 245 S.W.2d 24, 28 (Mo. 1951). Generally, and unless the parties' contract provides to the contrary, an arbitration panel is given quasi-judicial responsibilities, while appraisers are charged with "ascertainment of facts . . ., which requires neither hearing nor the exercise of judicial discretion." *Couch on Insurance 2d* § 50:3, at 163. *See also Royal Ins. Co. v. Ries,* 88 N.E. 638, 640–641 (Ohio 1909).

In Wisconsin, there is an additional distinction between arbitration and appraisal. Arbitration in Wisconsin is a formal procedure, and the parties' rights and responsibilities are defined by statute. *See* ch. 788, Stats. Thus, for example, where the parties have contracted for arbitration, actions that are "brought upon any issue referable to arbitration under an agreement in writing for such arbitration" must be stayed by the court in which the action is pending if one of the parties to the arbitration agreement so requests, unless that party is "in default in proceeding with such arbitration." Section 788.02, Stats. The mere presence of an arbitration clause in an insurance policy, however, will not prevent the insured from suing the company, although the company may—if it desires—obtain the statutory stay. *Schramm v. Dotz,* 23 Wis. 2d 678, 682, 127 N.W.2d 779, 781 (1964) (uninsured motorist coverage).

Appraisal in Wisconsin, on the other hand, is a mechanism of dispute resolution that is not regulated by statute and, depending on the parties' agreement subjecting themselves to an appraisal process, may or may

not be formal. In contrast to disputes subject to arbitration, there is no statutory authority to stay a lawsuit commenced prior to a demand for appraisal.

As American Family points out, a proper demand for an appraisal under an insurance policy that is made prior to the commencement of an action transforms completion of the appraisal process into a condition precedent to the lawsuit. *Chapman v. Rockford Ins. Co.*, 89 Wis. 572, 576–579, 62 N.W. 422, 423–424 (1895). American Family, however, did not demand appraisal until after Lynch and Dunn began their lawsuit. Indeed, its correspondence with Lynch and Dunn and their attorney reveals that American Family studiously avoided invoking the policy's arbitration clause. Nevertheless, American Family argues that its post-lawsuit demand is sufficient to stop the litigation in its tracks, and cites several out-of-state cases that hold that an insurance company may demand an appraisal after the commencement of an action as long as the insured is not prejudiced by the delay. *See Hanby v. Maryland Casualty Co.*, 265 A.2d 28 (Del. 1970); *School Dist. No. 1 of Silver Bow County, Mont. v. Globe & Republic Ins. Co.*, 404 P.2d 889, 893 (Mont. 1965); *U.S. Fire Ins. Co. v. Franko*, 443 So. 2d 170, 171–172 (Fla. Dist. Ct. App. 1983) (insurance company's motion to dismiss action was sufficient invocation of appraisal clause); and *Keesling v. Western Fire Ins. Co. of Fort Scott, Kan.*, 520 P.2d 622, 627–628 (Wash. Ct. App. 1974); *see also Monroe Guar. Ins. Co. v. Backstage, Inc.*, 537 N.E.2d 528 (Ind. Ct. App. 1989). There is cogent authority to the contrary, however. *See Hayes v. Allstate Ins. Co.*, 722 F.2d 1332, 1335 (7th Cir. 1983) (error for trial court to stay action commenced prior to insurance company's appraisal demand where policy "does not expressly provide that no action may be

maintained upon it until after the amount of loss is determined by appraisal"); *see also Hawkinson,* 245 S.W.2d at 28 *(dictum); cf. Schramm,* 23 Wis. 2d at 682, 127 N.W.2d at 781 (mere presence of arbitration clause in policy of insurance does not make arbitration a prerequisite to the commencement of an action in court). In the absence of statutory regulation, the contract between the parties must govern.

American Family's contract of insurance with Lynch and Dunn is similar to the policy in *Hayes* and specifically envisioned three alternate routes by which the insured loss could be ascertained: 1) an "agreement" between American Family and Lynch and Dunn; 2) an "entry of a final judgment"; or 3) the "filing of an appraisal award" with American Family.[1] The first route was blocked because the parties could not agree on the loss. The second route was selected by Lynch and Dunn when they filed this action. The third route *could have* been selected by either Lynch and Dunn or American Family by making a "demand" for appraisal of the loss pursuant to the policy provision that declares: "If you and we fail to agree on the amount of loss, either *may* demand an appraisal of the loss." (Bold in original deleted, emphasis added.)[2] This clause merely presented

---

[1]The policy in *Hayes* provided:

> We will settle any covered loss with you. We will pay you unless another payee is named in the policy. We will pay within 60 days after the amount of loss is finally determined. This amount may be determined by an agreement, between you and us, a court judgment, or an appraisal award.

*Id.,* 722 F.2d at 1334 (emphasis in original deleted).

[2]This language, too, is similar to the policy provision in *Hayes:* "If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal." *Id.,* 722 F.2d at 1334 (emphasis in original deleted).

the parties with an option; it did not *require* appraisal. *See Overland Plumbing, Inc. v. Transamerica Ins. Co.,* 119 Cal. 3d 476, 481, 174 Cal. Rptr. 1, 3 (Cal. Ct. App. 1981) (insured under no duty to invoke non-mandatory arbitration clause).

If the contract of insurance had specifically made appraisal a precondition to the commencement of this action, American Family's position would have merit. *See Hamilton v. Liverpool, London & Globe Ins. Co.,* 136 U.S. 242, 255 (1890) (no action may be commenced on an insured loss following a demand for appraisal where insurance policy specifically makes completion of the appraisal process a condition precedent to suit). The insurance contract does not make appraisal a condition to commencement of an action, however, and we may not rewrite the parties' agreement to so provide, even if appraisal would be more "efficient" than a jury trial, as American Family argues. Since American Family had ample opportunity to demand appraisal before Lynch and Dunn filed suit, the trial court should not have ordered the stay. *See Hayes,* 722 F.2d at 1335–1336; *cf. Hamilton v. Home Ins. Co.,* 137 U.S. 370, 383–386 (1890) (refusal of party to an insurance contract to submit to arbitration as required by the contract and as demanded by other party to contract will not bar action when policy does not specifically make completion of the arbitration process a condition precedent to suit; however, since one party demanded that the dispute be submitted to arbitration prior to institution of the action, that party may bring collateral action to have the other lawsuit

stayed).[3]

 *By the Court.*—Order reversed.

---

[3]In the proceedings before the trial court, American Family submitted two written decisions by circuit court judges in support of its position. Lynch and Dunn contend that this was improper. We disagree. *See Brandt v. LIRC,* 160 Wis. 2d 353, 361–365, 466 N.W.2d 673, 676–677 (Ct. App. 1991), *petition for review granted,* April 2, 1991.