**2024 WI App 36**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2023AP2109

Complete Title of Case:

BADGERLAND RESTORATION & REMODELING, INC.,

PLAINTIFF-APPELLANT,

V.

FEDERATED MUTUAL INSURANCE COMPANY,

DEFENDANT-RESPONDENT.

| | |
|---|---|
| Opinion Filed: | May 9, 2024 |
| Submitted on Briefs: | March 14, 2024 |

| | |
|---|---|
| JUDGES: | Kloppenburg, P.J., Blanchard, and Taylor, JJ. |

| | |
|---|---|
| Appellant<br>ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Erik L. Fuehrer* of *Gabert, Williams, Konz & Lawrynk, LLP*, Appleton. |
| Respondent<br>ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Stephen O. Plunkett* and *Tal A. Bakke* of *Bassford Remele, P.A.*, Minneapolis, Minnesota. |

2024 WI App 36

COURT OF APPEALS
DECISION
DATED AND FILED

May 9, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2109**

STATE OF WISCONSIN

Cir. Ct. No. **2023CV67**

IN COURT OF APPEALS

---

BADGERLAND RESTORATION & REMODELING, INC.,

    PLAINTIFF-APPELLANT,

  V.

FEDERATED MUTUAL INSURANCE COMPANY,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Waupaca County: VICKI L. CLUSSMAN, Judge. *Reversed and cause remanded for further proceedings.*

Before Kloppenburg, P.J., Blanchard, and Taylor, JJ.

¶1 KLOPPENBURG, P.J. This breach of contract action arises out of a dispute over the amount that Federated Mutual Insurance Company ("Federated") owes for hail damage to property that is owned by Maple Crest Funeral Home, Inc.

("Maple Crest"), pursuant to the insurance policy issued by Federated to Maple Crest in effect at the time of the damage. Maple Crest assigned its insurance policy claim to Badgerland Restoration & Remodeling, Inc. ("Badgerland"), which repaired the property after it was damaged. In this action, Badgerland alleges that Maple Crest demanded an appraisal pursuant to the appraisal clause in the insurance policy that Federated issued to Maple Crest, and that Federated refused to participate in the appraisal process. Badgerland argues that Federated breached the policy by refusing to participate in the appraisal process.

¶2     The circuit court granted Federated's motion to dismiss Badgerland's complaint for failure to state a claim on which relief can be granted, and Badgerland appeals. We conclude that, under the well-established legal standards governing motions to dismiss and governing appraisal clauses in property insurance policies, the allegations in the complaint state a claim that Federated breached the policy by refusing to participate in the appraisal process after Maple Crest invoked the policy's appraisal clause. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

¶3     When considering a motion to dismiss, all well-pleaded facts in a complaint must be accepted as true. *Cattau v. National Ins. Servs. of Wis.*, 2019 WI 46, ¶4, 386 Wis. 2d 515, 926 N.W.2d 756. As explained later in this opinion, the allegations stated here and throughout this opinion are taken from the complaint

and three uncontested documents that are referenced in the complaint and attached to Federated's motion to dismiss.[1]

¶4 Maple Crest's property was damaged by hail on April 12, 2022, when the property was insured by a policy issued by Federated. Pertinent here, the policy includes the following appraisal clause:

> 2. Appraisal
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding ….

Maple Crest immediately notified Federated of its claim for hail damage. Federated retained ProStar Adjusting, which issued a report on July 28, 2022, titled "ProStar Statement of Loss," in which it estimated the replacement cost of the roof to be $58,311.21.[2]

¶5 On August 5, 2022, Maple Crest signed a contract with Badgerland for installation of a new roof. The contract states, "All work to be completed as per

---

[1] *See **Soderlund v. Zibolski**,* 2016 WI App 6, ¶37, 366 Wis. 2d 579, 874 N.W.2d 561 (adopting the incorporation-by-reference doctrine, which permits a court to consider a document attached to a motion to dismiss without converting the motion to one for summary judgment, so long as the document is referred to in the plaintiff's complaint, it is central to the plaintiff's claim, and its authenticity has not been disputed). The uncontested documents here are the insurance policy that Federated issued to Maple Crest, the "ProStar Statement of Loss" (prepared for Federated in response to Maple Crest's initial submission of its claim for loss), and the Badgerland contract with Maple Crest for the repair work.

[2] The complaint contains a typographical error in that it alleges that Maple Crest retained ProStar. As the parties made clear in the circuit court, and as ProStar's report indicates, ProStar was retained by Federated.

allowed Replacement Cost Value Scope of loss plus any approved supplements," and "AGREED CONTRACT AMOUNT BETWEEN BRR & H/O INS CO. $58,311.21 plus any approved supplements." The contract does not define the term "supplements."

¶6    Badgerland completed the work on October 10, 2022, and submitted an invoice in the total amount of $110,972.20 to Federated on October 12, 2022. This invoice appears to treat all amounts over $58,311.21 as attributable to "supplements."

¶7    A dispute arose as to whether the cost of the necessary repairs on the Maple Crest property totaled $58,311.21 or instead $110,972.20.

¶8    On November 15, 2022, Maple Crest sent a written Request for Appraisal to Federated, invoking the insurance policy's appraisal clause and naming its selection of an appraiser as required by the appraisal clause. By letter dated December 15, 2022, Federated denied Maple Crest's appraisal demand on the ground that the amount of loss was not disputed.

¶9    Federated breached the policy by refusing to abide by the terms of the appraisal clause.

¶10    On January 31, 2023, Maple Crest assigned to Badgerland its breach of contract claim against Federated.

¶11    Turning to the procedural history of this case, Badgerland filed a complaint against Federated alleging breach of contract and seeking specific performance by requiring Federated to participate in the appraisal process, along

with damages and costs and fees.[3]  Federated filed an answer and then moved to dismiss the complaint for failure to state a claim.  After the parties completed briefing on the motion to dismiss, the circuit court granted the motion.  Badgerland appeals.

## DISCUSSION

¶12     The standard of review of a motion to dismiss is well established:

> A motion to dismiss tests the legal sufficiency of the complaint.  Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom.  However, a court cannot add facts in the process of construing a complaint.  Moreover, legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss.  Therefore, our focus is on factual allegations made in the complaint.  We determine whether the facts alleged state a claim for relief, which is a legal question that we review independently.

*Townsend v. ChartSwap*, 2021 WI 86, ¶10, 399 Wis. 2d 599, 967 N.W.2d 21 (citations omitted).

¶13     As already noted, in addition to considering the allegations in the complaint, a court may also consider, under the doctrine of incorporation by reference, a document attached to a motion to dismiss without converting the motion to one for summary judgment, so long as the document is referred to in the plaintiff's

---

[3] We observe that in its appellant's brief, Badgerland represents that it seeks different relief from that stated in its complaint.  In contrast to the relief sought in the complaint, as summarized in the text, on appeal Badgerland argues that Federated, by breaching the policy's appraisal clause, has forfeited its right to participate in the appraisal process and, consequently, must pay the amount invoiced by Badgerland, minus the amount already paid to Maple Crest, for a resulting amount of $52,661.09. *See Chapman v. Rockford Ins. Co.*, 89 Wis. 572, 584, 62 N.W. 422 (1985) (party that breaches appraisal clause waives the right to an appraisal).  This discrepancy does not affect any issue that we decide in this appeal.  The form of relief to which Badgerland would be entitled, if it prevails in the circuit court following remittitur, would be decided in the circuit court.

complaint, it is central to the plaintiff's claim, and its authenticity has not been disputed. *Soderlund v. Zibolski*, 2016 WI App 6, ¶37, 366 Wis. 2d 579, 874 N.W.2d 561. The purpose of the doctrine is to "prevent[] a plaintiff from evad[ing] dismissal … simply by failing to attach to [the] complaint a document that prove[s] [plaintiff's] claim has no merit." *Id.*, ¶38 (citation omitted).

¶14 As a preliminary matter, we clarify which of the documents, in addition to the complaint, that were filed by the parties in the circuit court are properly considered under the incorporation by reference doctrine in deciding Federated's motion to dismiss. Federated filed along with its motion to dismiss the insurance policy that Federated issued to Maple Crest, the ProStar Statement of Loss (prepared for Federated in response to Maple Crest's initial submission of its claim for hail damage), and the Badgerland contract with Maple Crest (entered into for the repair work). These three documents are referred to in the complaint, integral to Badgerland's claim, and uncontested, and, therefore, they are properly part of a court's review under the incorporation by reference doctrine described above.

¶15 Each party also filed additional documents in support of and in opposition to Federated's motion to dismiss. As we now explain, none of these additional documents are properly part of a court's review under the incorporation by reference doctrine.

¶16 Federated filed, with its motion to dismiss, a copy of the letter it used to deny Maple Crest's demand for appraisal. Badgerland filed, with its response brief, additional letters and emails among the parties. In each instance, these documents were accompanied by an affidavit purporting to establish the authenticity of the documents. However, in each instance, these documents allege facts that are not referred to in the allegations in the complaint, except for Maple Crest's demand

for appraisal and Federated's refusal to participate in the appraisal process. In addition, Badgerland filed its itemized statement of the work it claimed to have completed for Maple Crest, which it submitted to Federated after the work was completed. Other than the total amount presented in that statement, which is alleged in the complaint as including the amount of the "supplements" that Badgerland submitted to Federated, the detailed information contained in that statement similarly alleges facts that are not referred to in the complaint. Accordingly, none of these additional documents are properly considered on review of Federated's motion to dismiss.

¶17 Relatedly, Badgerland argues that the circuit court improperly relied on allegations of fact in Federated's briefs. Specifically, the circuit court said that it based its ruling dismissing the complaint in part on the following allegations of fact that the court "was told in the [parties'] briefs": (1) "there wasn't any request [for approval of any supplements] during the pendency of the repairs"; (2) "Federated never approved any supplement[s]"; and (3) Federated can no longer access "the damaged property to evaluate the loss." Federated likewise relies in part on these three allegations of fact in its arguments on appeal. However, these three allegations are neither alleged in the complaint nor included in the documents incorporated by reference. Reliance on allegations of fact contained in the parties' briefs is not appropriate on a motion to dismiss. *See Soderlund*, 366 Wis. 2d 579, ¶37 (on a motion to dismiss, a court may consider only the allegations in the

7

complaint and documents properly incorporated by reference). On our de novo review, we do not rely on allegations of fact contained in the briefs.[4]

¶18 We now address the merits of Badgerland's appeal of the circuit court's order granting Federated's motion to dismiss the complaint for failure to state a claim. Federated makes various arguments disputing the right of Maple Crest to claim a breach of the appraisal clause, which we address below. But Federated does not dispute that, assuming there was a dispute over the value of the loss, and further assuming that waiver or estoppel principles do not apply, the appraisal clause here required Federated to participate in the process described in the clause if demanded by Maple Crest and Maple Crest unambiguously demanded an appraisal. With that clarification, we begin with an overview of the law applicable to appraisal

---

[4] Badgerland raises two additional issues that, for the reasons we now state, we do not consider further.

First Badgerland argues that "it appears" that the circuit court erred by considering material outside the complaint because, in doing so, it improperly converted Federated's motion to dismiss to a motion for summary judgment. *See* WIS. STAT. § 802.06(3) (2021-22) (providing that, if a court on a motion for judgment on the pleadings considers matters outside the pleadings, the court shall treat the motion as one for summary judgment). To the extent that Badgerland faults the court for considering any of the three documents that we have concluded are properly considered on a motion to dismiss under the incorporation by reference doctrine, such an argument fails. To the extent that Badgerland faults the court for considering the allegations of fact in Federated's briefs, we have explained why we do not consider those allegations of fact on our de novo review of Federated's motion to dismiss. In addition, just as consideration of allegations of fact in a brief are not properly considered on a motion to dismiss, so they are not properly considered on a motion for summary judgment. *See* WIS. STAT. § 802.08(2) (a party is entitled to summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

Second, Badgerland argues that "it appears" that the circuit court improperly applied the standard for sanctioning a party for spoliation. *See* ***American Fam. Mut. Ins. Co. v. Golke***, 2009 WI 81, ¶21, 319 Wis. 2d 397, 768 N.W.2d 729 ("Spoliation is the intentional destruction, mutilation, alteration, or concealment of evidence.") (internal quotation marks and quoted source omitted). The record establishes that Federated did not seek a sanction based on, and the court did not take up on its own, the topic of spoliation.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

clauses in insurance policies. We then explain our conclusion that, consistent with that law, the complaint here states a breach of contract claim and Federated's arguments to the contrary fail.

### A. Overview of applicable legal principles.

¶19 The appraisal clause here is stated in full *supra*, ¶4.

¶20 Appraisal clauses have long been included in property insurance policies. *See, e.g.*, ***Canfield v. Watertown Fire Ins. Co.***, 55 Wis. 419, 420, 12 N.W.2d 252 (1882) (involving a lawsuit filed by the insured to set aside an appraisal that was made pursuant to the insurance policy's appraisal clause). Appraisal clauses are also ubiquitous. *See* ***State Farm Lloyds v. Johnson***, 290 S.W.3d 886, 888 (Tex. 2009) ("[A]ppraisal clauses are uniformly included in most forms of property insurance policies. Virtually every property insurance policy for both homeowners and corporations contains a provision specifying 'appraisal' as a means of resolving disputes about the 'amount of loss' for a covered claim.") (citations omitted).[5]

¶21 When a policy contains an appraisal clause and one party demands an appraisal, the other party is required to participate in the appraisal process unless certain defenses apply. ***Chapman v. Rockford Ins. Co.***, 89 Wis. 572, 584, 62 N.W. 422 (1895) (stating that, when an appraisal has been properly demanded, participation in an appraisal is a condition precedent to the commencement of a

---

[5] While non-Wisconsin opinions are not binding on us, the few Wisconsin opinions that have discussed insurance policy appraisal clauses generally do not address the issues raised in this appeal. Further, the opinions that we identify from other state courts and federal courts (interpreting state laws) are instructive and persuasive on these issues. *See* ***Dostal v. Strand***, 2023 WI 6, ¶31, 405 Wis. 2d 572, 984 N.W.2d 382 (stating that, when there is no Wisconsin case law directly on point," we may look to case law of other states for guidance").

lawsuit, absent waiver based on prejudicial and unreasonable delay, bad faith, or illegality; citing with approval a New York case stating that if either party refuses to proceed with the appraisal once demanded, the other party is "absolved"; concluding that Chapman, therefore, is entitled to the full amount of his claim when the insurer refused to proceed with an appraisal); *Farmers Auto. Ins. Ass'n v. Union Pac. Ry. Co.*, 2009 WI 73, ¶34, 319 Wis. 2d 52, 768 N.W.2d 596 ("If and when one party invokes [the arbitration] clause, the other side must abide by it."); *State Farm Lloyds*, 290 S.W.3d at 889 (Tex. 2009) (an appraisal clause when invoked "binds the parties to have the extent or amount of the loss determined in a particular way").

¶22 An appraisal clause may be invoked when the insured and the insurer provide differing estimates of the damage incurred *before* any repair work is done. *See, e.g.*, *Farmers Auto Ins.*, 319 Wis. 2d 52, ¶¶11-14; *State Farm Lloyds*, 290 S.W.3d at 887 (Tex. 2009). An appraisal clause may also be invoked when the insured submits, as its claim for the damage incurred, the cost of the repair or replacement work *after* the work has been completed. *See, e.g.*, *Cimino v. State Farm Fire & Cas. Co.*, No. 21-cv-01905-CMA-MDB, 2023 WL 3044765, *2 (D. Colo. Apr. 21, 2023) (after walls were damaged by hail and wind storm and parties disputed amount of loss, plaintiffs removed and replaced all of the stucco on their home before demanding appraisal); *Creekview of Hugo Ass'n, Inc. v. Owners Ins. Co.*, 386 F.Supp.3d 1059, 1063 (D. Minn. 2019) (all repairs to property damaged by wind and hail were completed by time of appraisal); *Deuto v. State Farm Fire & Cas. Co.* 635 F.Supp.3d 1142, 1144 (D. Colo. 2022) (fire damage was repaired when appraisal was demanded); *First Call 24/7 v. Citizens Prop. Ins. Corp.*, 333 So.3d 1180, 1184-85 (Fla. Dist. Ct. App. 2022) (plaintiff contractor, as assignee of right

to insurance benefits by owners of home damaged by hurricane, completed repairs before insurer invoked appraisal clause).

¶23 A party may sue to set aside an appraisal that has been determined pursuant to an appraisal clause "only upon the showing of fraud, bad faith, a material mistake, or a lack of understanding or [lack of] completion of the" appraisal assignment. *Farmers Auto Ins.*, 319 Wis. 2d 52, ¶44 (citing *Dechant v. Globe & Rutgers Fire Ins. Co.*, 194 Wis. 579, 581, 217 N.W. 322 (1928)); *State Farm Lloyds*, 290 S.W.3d at 895 (Tex. 2009) ("[I]f an appraisal is not an honest assessment of necessary repairs, that can be proved at trial and the award set aside.").

### B. The complaint states a claim for breach of the policy.

¶24 To recap, the complaint alleges that Maple Crest's property suffered hail damage that was covered by a Federated insurance policy, that Federated determined the amount of loss as estimated by ProStar ($58,311.21), and that Maple Crest determined the amount of loss as its actual cost of repair or replacement ($110,972.20). Thus, the complaint alleges that the parties disputed the amount of loss, which, under the legal standards we have just summarized, entitled Maple Crest to demand and obtain an appraisal under the policy's appraisal clause.

¶25 The complaint further alleges that Federated breached the policy by refusing to participate in the appraisal process in response to Maple Crest's demand for appraisal. As noted above, our supreme court has stated, "If and when one party invokes this clause, the other side must abide by it." *Farmers Auto. Ins.*, 319 Wis. 2d 52, ¶36. As also noted above, the other side may, instead of abiding by the appraisal clause, seek relief in circuit court by arguing that the clause is unenforceable because it was untimely or otherwise improperly invoked. *See*

*Chapman*, 89 Wis. at 584 (party opposing invocation of appraisal clause must show waiver, bad faith, or illegality); ***Lynch v. American Fam. Mut. Ins. Co.***, 163 Wis. 2d 1003, 1013, 473 N.W.2d 515 (Ct. App. 1991) (insurer improperly invoked appraisal clause after insured filed suit when insurer "had ample opportunity" to do so before suit was filed); ***Coleman v. AmGuard Ins. Co.***, No. 4:22-cv-03442, __ F.Supp.3d__, 2023 WL9052250 at *1-*3 (S.D. Tex. Dec. 28, 2023) (party opposing invocation of appraisal clause must show waiver through unreasonable delay and prejudicial conduct or illegality); ***Be Rios, Ltd. v. Nationwide Prop. & Cas. Ins. Co.***, No. 5:18-cv-01297-OLG, 2020 WL 6123129, *2 (W.D. Tex. June 12, 2020) (a party opposing invocation of insurance policy appraisal clause must show that the clause is unenforceable based on waiver through the conduct of the party seeking appraisal and resulting prejudice); ***Kelly Greens Veranda VI Condo. Ass'n, Inc. v. Blackboard Specialty Ins. Co.***, 2:21-cv-72-SPC-NPM, 2022 WL 4464825 at *2-*3 (M.D. Florida Sept. 26, 2022) (a party can forfeit its right to appraisal by acting inconsistently with its appraisal rights, such as by invoking appraisal clause after unreasonable delay and active litigation).

¶26     Here, the allegations are that there was a dispute over the value of the loss, Federated refused to abide by the appraisal clause when it was invoked by Maple Crest following the completion of the roof repair work, and Federated did not seek relief in court. Accordingly, the complaint states a claim for breach of the policy. *See* ***Pottenburgh v. Dryden Mut. Ins. Co.***, 55 Misc.3d 775, 776, 48 N.Y.S.3d 885 (2017) (insured's petition to compel appraisal stated necessary elements of right to enforce appraisal clause, namely:  (1) an insurance policy that contains an appraisal clause; (2) damage to the property covered by the policy; (3) a dispute between parties regarding the value of damages; (4) the insured's demand for appraisal; and (5) the insurer's refusal to participate in the appraisal process);

*Pagoudis v. Keidl*, 2023 WI 27, ¶12, 406 Wis. 2d 542, 988 N.W.2d 606 ("The elements of any breach of contract claim are (1) the existence of a contract between the plaintiff and the defendant; (2) breach of that contract; and (3) damages.").

## C. Federated's arguments to the contrary fail.

¶27    Federated asserts that the complaint fails to state a claim for breach of the appraisal clause because Maple Crest had no right to invoke the appraisal clause for three reasons:  (1) the parties did not dispute the value of the loss; (2) Maple Crest waived the right to invoke the appraisal clause; and (3) Maple Crest is estopped from demanding appraisal.

### 1. No dispute

¶28    The complaint alleges a dispute, and we take that allegation as true on a motion to dismiss.

¶29    Federated argues that Maple Crest did not dispute Federated's "loss valuation" (the ProStar estimate of the cost to replace the roof) because Maple Crest entered into a contract for the exact amount of that valuation, plus approved "supplements," and Federated did not approve any "supplements."  There are at least two sets of problems with this argument.  The first is that Federated assumes facts that have yet to be proven on summary judgment or at trial; it ignores the fact that a motion to dismiss is decided based on the allegations in the complaint and any documents properly incorporated by reference.  All of the following issues require the development of a factual record:  whether Badgerland or Maple Crest communicated with Federated before Badgerland completed the work; whether Federated approved any "supplements" before the work was completed; and the meaning of the "approved supplements" language in the contract.

¶30 The second problem is the absence of legal authority. Federated does not identify any legal authority supporting the proposition that any provision in the policy required Maple Crest to submit its own estimate or to obtain Federated's approval of any estimate, before commencing or completing the repair work. Further, as noted in the waiver section below, case law from other jurisdictions that we consider persuasive is to the contrary.

¶31 Federated also may intend to argue that there is no dispute over the value of the loss because it paid Maple Crest what Maple Crest paid Badgerland, and Badgerland cannot assert its own claim for more. However, again Federated lacks the proven facts or the legal authority to advance this argument at the motion to dismiss stage. Factually, what Federated paid Maple Crest is not alleged in the complaint; this would have to be proven. Legally, Federated does not cite authority supporting the proposition that Maple Crest accepted Federated's loss valuation by accepting payment in the amount of that valuation. *See Coleman*, 2023 WL 9052250 at \*2 (S.D. Tex. 2023) (noting that the insurer cited no cases "suggesting that an insured accepting payment in part constitutes agreement to a total amount of loss"). Nor does Federated cite legal authority supporting the proposition that Badgerland, as Maple Crest's assignee, cannot contest Federated's loss valuation by invoking the appraisal clause. *See First Call 24/7*, 333 So.3d (Fla. Dist. Ct. App. 2022) at 1184-85 (plaintiff contractor, as assignee of right to insurance benefits by owners of home damaged by hurricane, completed repairs before insurer invoked appraisal clause).

¶32 Given the allegation of a dispute, and because this case has not yet reached the fact-development stage, Federated's asserted reasons for refusing to participate in the appraisal process do not entitle Federated to dismissal of Badgerland's complaint for failure to state a claim.

14

### *2. Waiver and equitable estoppel*

¶33     Federated renews the arguments it made in the circuit court that Maple Crest's invocation of the appraisal clause is barred by waiver and equitable estoppel. Therefore, Federated argues, it did not breach the policy by refusing to participate in the appraisal process.[6]

¶34     Federated argues that Maple Crest waived the right to demand an appraisal by waiting to do so until after the repair work was completed. Federated folds this argument into its broader argument that Maple Crest failed to demand an appraisal within a reasonable time, *i.e.*, before Badgerland undertook the work. Neither argument supports dismissal of the complaint for failure to state a claim.

¶35     Broadly, case law states that, when an insurance policy provision such as an appraisal clause does not set a time for invoking the provision, a party must do so within a "reasonable time" after a dispute. *See* ***Terra Indus., Inc. v. Commonwealth Ins. Co. of Am.***, 981 F. Supp. 581, 597 (N.D. Iowa 1997) ("courts interpret an 'appraisal' clause lacking a specific time for demand to be made to require that the demand be made within a 'reasonable time'" (collecting cases)); ***Rats Nest Condo. Ass'n, Inc. v. Allstate Ins. Co.***, No. 07-04174, 2008 WL 11354935 at *2 (E.D. La. Apr. 23, 2008) (same).

¶36     In the specific context of waiver of the right to invoke an appraisal clause, cases have defined "reasonable time" as encompassing both delay resulting in prejudice to the party opposing appraisal and conduct inconsistent with the right

---

[6] Federated asserts that Badgerland forfeited opposition to Federated's waiver and estoppel arguments by not raising these arguments in the circuit court. But Badgerland accurately points out in reply that the circuit court did not address the topics of waiver or estoppel in the circuit court. Further, Federated's arguments depend on the development of facts outside the complaint. For these reasons, we decline to apply forfeiture against Badgerland on these issues.

to appraisal. *See, e.g.*, ***Kelly Greens***, 2022 WL 4464825 at *1-*3 (M.D. Fla. 2022) (determining that insured forfeited, or waived, right to invoke appraisal clause by engaging in extensive litigation and failing to invoke it until one year after initiating suit, thereby "act[ing] inconsistent[ly] with having the amount-of-loss question resolved by an appraisal panel rather than a jury or the court"); ***Coleman***, 2023 WL 9052250 at *1 (S.D. Tex. 2023) ("The party challenging the validity or enforceability of an appraisal clause based on waiver bears the burden of establishing both waiver by conduct of the party seeking appraisal and prejudice to itself."). Showing delay resulting in prejudice and conduct inconsistent with the right to appraisal generally requires the development of a factual record. *See **id.*** ("Whether certain circumstances constitute waiver is a question of law that a court may decide, but the inquiry implicates questions of fact."); ***Keesling v. Western Fire Ins. Co. of Fort Scott, Kan.***, 520 P.2d 622 (Wash. App. 1974) (stating that "[w]hether a demand for appraisal has been made within a reasonable time depends upon the circumstances of each case … [including the two main factors of] prejudice resulting from the delay, and the breakdown of good-faith negotiations concerning the amount of loss," and determining that appraisal demand made eight months after date of loss was timely).

¶37 To recap, here the complaint alleges that Maple Crest demanded appraisal six months after the roof was damaged and before Badgerland filed suit. Federated cites no authority supporting the proposition that this alleged timing constitutes a delay as a matter of law. *Cf.* ***Coleman***, 2023 WL 9052250 at *2 (S.D. Tex. 2023) (ruling that insured unreasonably delayed in invoking, or even indicating the possibility of invoking, appraisal clause until over two and one-half years after the damage, 22 months after the insurer made its final payment, and eight months after filing suit, during which time the insured engaged in active litigation and

multiple litigation deadlines passed). Nor, according to the complaint, did Maple Crest, having unambiguously invoked the appraisal clause before filing suit, engage in protracted litigious conduct, or require Federated to do so, before making its demand. *Cf. id.* at *3 (determining that insured's conduct throughout the litigation indicated that insured intended to go to trial rather than resolve the dispute via appraisal). Thus, waiver based on unreasonable delay and litigious conduct inconsistent with the right of appraisal cannot be shown based on the allegations in the complaint.

¶38 Federated more specifically argues that Maple Crest unreasonably delayed demanding appraisal, to Federated's prejudice, by making its demand after the repair work was completed. However, case law indicates that completion of the work, while potentially relevant to a claim of unreasonable delay, does not necessarily suffice to establish prejudice or waiver. Here the complaint does not establish that Federated has been prejudiced. *See Deuto*, 635 F.Supp.3d at 1148 (D. Colo. 2022) (noting that, while repairs may make it more difficult to determine the amount of loss, they do not make it impossible and appraisal after repairs are completed is neither precluded by the terms of the policy nor by case law) (citing *Church Mut. Ins. Co. v. Rocky Mountain Christian Church*, 20-cv-1769-WJM-KLM, 2021 WL 1056515 (D. Colo. Mar. 19, 2021), which "reject[ed] the argument that replacement of a roof destroyed evidence and prevented a fair appraisal and rel[ied] on the declaration of a certified insurance counselor and risk manager who declared that at least 20% of his appraisals involved properties that had undergone repair *before* the appraisal"); *First Call 24/7*, 33 So.3d at 1185 (Fla. Dist. Ct. App. 2022) ("nothing in the policy suggests that the damaged property must remain in its damaged state for an appraisal to take place" and it cannot be reasonably presumed that the appraisal panel would have reason to inspect after the repairs have been

17

completed); *Cimino*, 2023 WL 3044765 at *4-*5 (D. Colo. 2023) (the appraisal clause unambiguously permits the appraisal panel to determine the amount of loss of the property that has been repaired prior to the appraisal, and, therefore, permits appraisal for repaired property); *Pottenburgh*, 48 N.Y.S.3d at 888 (stating that "there is no apparent prejudice to [insurer] from compelling an appraisal, even if the property has been partially or completely repaired," given that the insurer had timely notice of the claim and the opportunity to inspect and photograph soon after the loss).

¶39 Federated cites the determination in *Jadick v. Nationwide Prop. & Cas. Ins. Co.*, 98 So. 3d 5, 14-15 (Ala. Civ. App. 2011), that an insured waived the right to an appraisal when the insured demanded it 15 months after repairs to property damaged by fire were completed, at which time the extent of the damage could not have been evaluated. However, in that case, the facts were developed on summary judgment. *Id.* at 6-8, 11-13. Those facts included the following: the insurer's pre-repair estimate included specific language regarding additional damage that might require reinspection of the property by the insurer's representative and communication with the insurer, and the insured had not complied with those requirements; and the insured demanded an appraisal after obtaining an estimate from a second contractor 15 months after the first contractor had completed repairs, and the insurer had paid the first contractor in full. *Id.* at 7-8, 11-13. *See also Coleman*, 2023 WL 9052250 at *1, *3 (S.D. Tex. 2023) (determining on developed factual record that insured waived appraisal when insurer paid invoice for repair costs beyond its initial estimate and insured demanded appraisal almost two years after the damage had been repaired, in part because at that point "appraisal would be useless"). No similar factual record has been developed here.

¶40 Federated argues that Federated's right under the policy to inspection "as often as may be reasonably required" was prejudiced when Badgerland completed the repairs without notifying Federated of any disagreement with Federated's loss valuation, because, at that point, Federated was unable "to reinspect" the damaged roof. Therefore, Federated's argument continues, Maple Crest waived its right to an appraisal. However, whether Federated received notice before Badgerland completed the repair work, and whether the completion of the repair work affected Federated's ability to "reinspect" the roof, require the development of a factual record beyond the allegations in the complaint. Moreover, as Badgerland notes, and as the complaint and the documents properly incorporated by reference reveal, the roof's dimensions and the number and cost of shingles that Badgerland claims were required to cover it is information that is available to Federated. *See **State Farm Lloyds***, 290 S.W.3d at 890 (Tex. 2009) (stating that the cost of replacing shingles (or anything else) is a function of both *price* and *number*, and that "[s]ometimes it may be unreasonable or even impossible to repair one part of a roof without replacing the whole"). In addition, there is no allegation by Badgerland and no argument by Federated that the damage to the roof required less than replacement or was due to something other than the hail, or that Federated was denied the opportunity to inspect the roof promptly after Maple Crest notified Federated of the loss. *See **Pottenburgh***, 48 N.Y.S.3d at 888 (stating that "there is no apparent prejudice to [insurer] from compelling an appraisal, even if the property has been partially or completely repaired," when the insurer had timely notice of the claim and the opportunity to inspect and photograph soon after the loss).

¶41 Finally, Federated does not explain how Maple Crest's conduct alleged in the complaint, demanding an appraisal after the repair work was completed, was inconsistent with the policy's provisions that Federated will not pay

19

the cost of repair until the repair is completed, or that Federated will pay the amount actually spent on the repair or the replacement cost, whichever is less. *Cf. Creekview*, 386 F.Supp.3d at 1066 (D. Minn. 2019). In *Creekview*, the policy, similar to the policy here, capped the insurer's payment obligation at either the replacement cost of the property or the amount the insured "actually spen[t] that is necessary to repair or replace the … damaged property," whichever was less. The court stated that, in light of that language, the insurer could not dispute that it was required to pay the balance of the appraisal's replacement cost award that remained unpaid after the insurer's initial payments to the insured, because the award was equal to or less than the amount the insured actually spent on repairs. *Id.*

¶42    Turning to the equitable estoppel claim, Federated largely repeats its waiver arguments—the alleged absence of any dispute, Maple Crest's alleged failure to timely dispute the ProStar valuation and demand appraisal, and Federated's alleged loss of the opportunity to inspect the damaged property. At this stage of the proceedings, those arguments fail for the reasons stated above.

¶43    In sum, Federated's waiver and equitable estoppel arguments are either unsupported by legal authority or premised on facts outside the allegations in the complaint and the documents properly incorporated by reference.

**CONCLUSION**

¶44    For all these reasons, we reverse the circuit court order dismissing the complaint and remand for further proceedings.

> *By the Court.*—Order reversed and cause remanded for further proceedings.