MITCHELL and others, Respondents, vs. LYONS and another, Appellants.

*May 4—May 23, 1916.*

*Quieting title: Tax deeds: Fraud of tenant in common: Conveyances in fraud of creditors: Cancellation of instruments: Pleading: Amendment to conform to proof: Disclaimer: Dismissal: Judgment, upon whom binding: Parties: Rights of purchaser at execution sale: Appeal: Costs: Briefs: Unnecessary printing.*

1. Where a tenant in common whose duty it was, under an agreement with his cotenant, to pay the taxes failed to do so but furnished money for a third person to purchase the tax certificates and then procured the assignment thereof to his mother-in-law, who took with notice of the facts and paid no consideration, tax deeds issued to the mother-in-law were properly set aside at the suit of the cotenant.

2. So, also, a mortgage and deed executed by said tenant in common to hinder and delay his creditors were properly set aside.

3. In an action to quiet title, where the complaint asked for cancellation of only one tax deed, but the proof showed also the invalidity of another tax deed to the same defendant covering a small part of the land, the court properly set aside the latter deed also, treating the complaint as amended to conform to the proof, there being no showing that the defendant was prejudiced by the failure to plead the second deed.

4. In an action to quiet title, the grantee in tax deeds who pleaded a disclaimer but also defended on the merits and tendered no release as required by sec. 3186, Stats., was not entitled to a dismissal.

5. Where the grantor in a deed was a party to an action to quiet title, but the grantee was not, a judgment vacating the deed is not binding on such grantee.

6. In an action to quiet title, brought by the purchaser at an execution sale, the judgment debtor, who was the grantor in a mortgage and deed under which the defendant claims, but who does not himself claim any title, is not a necessary or proper party.

7. The purchaser of land at an execution sale to whom a deed has been issued may maintain an action in equity to set aside conveyances in fraud of creditors made before the judgment was docketed.

8. Costs of printing respondents' brief, which violated Supreme Court Rule 11, are not allowed in this case although such violation was satisfactorily explained.

APPEAL from a judgment of the municipal court of Langlade county: T. W. HOGAN, Judge. *Affirmed.*

Action to quiet title. The plaintiff *Henry R. Mitchell* purchased the interest of his brother James Mitchell in the land in question at an execution sale in October, 1912, under a judgment against James Mitchell and received a deed January 12, 1914. Previously he owned an undivided one-half interest in the land in common with his brother James. The latter went into possession of the land in 1906 under an agreement to pay the taxes thereon, and remained in possession till September 19, 1912. In the meantime two tax deeds upon the land in favor of the defendant *Olive Lyons* were executed, based upon the sales of 1906 and 1907. June 10, 1911, James Mitchell executed a mortgage upon the land to the defendant

*J. Wirig* for $1,400, and on September 19, 1912, he gave a deed of the land to *J. Wirig.* July 31, 1914, *Henry R. Mitchell* deeded a one-half interest in the land to the plaintiffs *Kingsbury* and *Henshaw,* and since September 19, 1912, *Wirig* and *Kingsbury* and *Henshaw* have been in possession of the land. *Olive Lyons* was never in possession thereof. Before she was served with a summons in the action she deeded the land to one Kayhart, and she pleaded a disclaimer but did not execute or tender a release. This action was brought to cancel the two tax deeds to *Olive Lyons* and the mortgage and deed to *J. Wirig.* The court set aside the conveyances mentioned, including the deed from *Lyons* to Kayhart, and the defendants, *Lyons* and *Wirig,* separately appealed.

*Geo. W. Latta,* for the appellant *Lyons.*

*Henry Hay,* for the appellant *Wirig.*

For the respondents there was a brief by *Morson & Bowler,* and oral argument by *H. F. Morson.*

VINJE, J. The court adjudged the tax deeds to *Olive Lyons* void because James Mitchell, whose duty it was to pay the taxes under his agreement with his brother, caused one Duchac to purchase the tax certificates and furnished him with the money therefor; that Duchac at Mitchell's request assigned the certificates to *Olive Lyons,* the mother-in-law of James Mitchell, who has resided with him since 1901; that *Olive Lyons* took with notice of the facts and paid no consideration for the assignment to her. The court also adjudged the mortgage of $1,400 given *Wirig* and the deed later executed and delivered to him void because both were made for the purpose of hindering and delaying the creditors of James Mitchell. The findings as to the invalidity of the tax deeds to *Olive Lyons* and the mortgage and deed to *Wirig* are sustained by the evidence.

The complaint asked for the cancellation of only one tax deed, but the other, covering only a very small portion of the land, was received in evidence and vacated by the judgment.

The court no doubt considered the complaint amended to correspond to the proof, and properly so.   There is no showing that the defendant *Lyons* was in any way prejudiced by the fact that the second tax deed was not pleaded.   She also contends that, since she pleaded a disclaimer and showed by her plea that she had conveyed title to Kayhart, the action should have been dismissed as to her with costs in her favor.   In addition to the disclaimer she also answered to the merits and made and tendered no release as required by sec. 3186, Stats. 1915.   On the contrary, she defended the case on the merits and therefore was not entitled to a dismissal.

That part of the judgment vacating the deed from *Olive Lyons* to Kayhart is not binding upon the latter, as he was not made a party to the action.   *Menasha W. W. Co. v. Winter,* 159 Wis. 437, 448, 150 N. W. 526.

The defendant *Wirig* claims that James Mitchell should have been made a party to the action, since he was the grantor of the deed and the maker of the mortgage—two instruments declared void by the judgment.   Since the plaintiff *Henry R. Mitchell* under the execution sale succeeded to all the interest that James Mitchell had in the lands, the latter was not a necessary nor a proper party.   Both the defendant *Wirig* and the plaintiff *Henry R. Mitchell* deny any title in James Mitchell and he claims none, so he had no interest in the litigation.

The further claim is made by both defendants that the plaintiff *Henry R. Mitchell,* being a purchaser at an execution sale under a judgment against James Mitchell, has no right to question the validity of conveyances made by James Mitchell prior to the entering of the judgment against him. Such claim was negatived in *Eastman v. Schettler,* 13 Wis. 324, and the rule there announced, that the purchaser at an execution sale to whom a deed has been issued may maintain an action in equity to set aside conveyances in fraud of

creditors made before the judgment was docketed, has not been departed from.  A *dictum* to the effect that if the conveyance was made for the purpose of delaying creditors it was void and the judgment became a lien upon the land, was explained in *French L. Co. v. Theriault,* 107 Wis. 627, 632, 83 N. W. 927, as applying to the case then in hand, in which the judgment had been enforced by a seizure of the land under the execution sale, but the doctrine of the case was not questioned.  In *Gilbert v. Stockman,* 81 Wis. 602, 611, 51 N. W. 1076, 52 N. W. 1045, it is said that *Eastman v. Schettler* goes to the extreme limit of any adjudication in this court, but it is apparent that such a view was based upon the *dictum* referred to rather than upon the actual decision made.

Supreme Court Rule 11 provides that the respondent's brief may state the leading facts or conclusions of law which the evidence tends to prove.  Counsel for respondents have set out under this head over 100 pages of the evidence by question and answer.  Upon the oral argument counsel frankly admitted that their brief was not in accordance with the rule and made a satisfactory explanation why it was not. Still appellants should not be required to pay for the printing of such a brief and no costs for printing same will be allowed.

*By the Court.*—Judgment affirmed.