COURT OF APPEALS
DECISION
DATED AND FILED

March 19, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP2552**

**STATE OF WISCONSIN**

Cir. Ct. No.  2022CV1954

**IN COURT OF APPEALS
DISTRICT IV**

THE BANK OF NEW YORK MELLON,

   PLAINTIFF,

 V.

CAROLYN M. NELSON, MICHAEL D. NELSON,
CAPITAL ONE BANK (USA) NA C/O CORPORATION SERVICE COMPANY,
HARKEY OPERATING TRUST, SAUK PRAIRIE HEALTHCARE, INC. AND
MICHAEL E. HARKEY,

   DEFENDANTS,

WENDY ALISON NORA,

   DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT,

 V.

FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST,
NATIONSTAR MORTGAGE LLC,
THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK,
FIRST HORIZON BANK, FIRST HORIZON CORPORATION,
FIRST HORIZON ASSET SECURITIES, INC.,
CREDIT SUISSE SECURITIES (USA) LLC, FHN FINANCIAL SECURITIES CORP.,
AND NATIONWIDE TITLE CLEARING LLC,

**THIRD-PARTY DEFENDANTS-RESPONDENTS.**

---

APPEAL from orders of the circuit court for Dane County: JACOB B. FROST, Judge. *Affirmed.*

Before Kloppenburg, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Wendy Alison Nora appeals circuit court orders dismissing her third-party complaint in this foreclosure action with prejudice. Nora argues that the court erred as a matter of law in dismissing the third-party complaint in the following respects: (1) determining that the third-party complaint fails to state a claim on which relief can be granted and that Nora lacks standing; (2) dismissing the third-party complaint against third-party defendants that had not yet appeared in the action; and (3) not allowing Nora the opportunity to amend the third-party complaint.  Nora also argues that the court erroneously permitted multiple parties to be represented by counsel for one of the third-party defendants without a written waiver of conflict of interest.  Nora further argues that the court deprived Nora of her due process rights when it denied her the opportunity to present oral argument as to the motion to dismiss that had been filed by one of the third-party defendants and to which she had responded in writing, and when it dismissed the third-party complaint as to all of the third-party defendants both before she had an opportunity to respond to two other third-party defendants' motions to dismiss and before still other third-party defendants appeared.

¶2      We reject Nora's arguments, and, accordingly, we affirm.

## BACKGROUND

¶3      We present here pertinent contextual facts, procedural facts, and facts alleged in the third-party complaint, which we must take as true for purposes of reviewing the circuit court's decision granting the motion to dismiss that complaint.

¶4      In January 2006, Michael Nelson executed a promissory note evidencing a loan for $230,800.  The note was secured by a mortgage executed by Michael and Carolyn Nelson on a property in Madison (generally, the subject property).  The Nelsons stopped making payments on the loan in 2011, and had their debts discharged in bankruptcy in 2014.

¶5      In June 2019, the Nelsons transferred the subject property by quitclaim deed to Nora and to a trust of which Nora was a trustee.  In consideration for the transfer, Nora promised to: maintain the property "until the identity of the entity with a superior interest in the [s]ubject [p]roperty was determined"; and preserve the tenancy of the Nelsons' grandson in the subject property.  Nora subsequently transferred by quitclaim deed the trust's interest in the property to herself.

¶6      In August 2022, the Bank of New York Mellon f/k/a the Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-AA1 (generally, Bank of New York Mellon as Trustee) filed a complaint against Nora and other defendants, seeking to foreclose on the subject property.  Attached to the complaint are purported copies of the note, endorsed in blank; the mortgage; and several assignments of mortgage.  In September 2022, Nora moved

to dismiss the complaint for failure to state a claim and for failure to join Nationstar Mortgage LLC (Nationstar) as a necessary party, and in October 2022, Nora filed motions to stay the proceedings and for "particularized" discovery. The circuit court denied all of these motions in January 2023.

¶7     After the circuit court denied Nora's motion to dismiss, Nora filed an answer, affirmative defenses, cross-claims, and counterclaims in February 2023. Bank of New York Mellon as Trustee moved to dismiss Nora's counterclaims, and the court granted the motion in October 2023. In April 2024, Nora filed an amended answer, affirmative defenses, cross-claims, and counterclaims, and the court, on the motion of Bank of New York Mellon as Trustee, dismissed the amended counterclaims with prejudice in October 2024. The October 2023 and October 2024 decisions are not challenged in this appeal.

¶8     Also in April 2024, Nora filed a third-party complaint against First Horizon Alternative Mortgage Securities Trust 2006-AA1 (generally, First Horizon Trust); Nationstar; Bank of New York Mellon in its corporate capacity; First Horizon Bank; First Horizon Corporation; First Horizon Asset Securities, Inc.; Credit Suisse Securities (USA) LLC; FHN Financial Securities Corp.; and Nationwide Title Clearing LLC (generally, Nationwide Title).

¶9     Nora's allegations in the third-party complaint include the following: First Horizon Trust was not lawfully created; the subject property was not lawfully transferred to First Horizon Trust if the trust was lawfully created; Bank of New York Mellon as Trustee either lacked the authority to commence the foreclosure action or did not authorize the commencement of the action; the third assignment of mortgage attached to the complaint in the foreclosure action "may be void" as a forged document or as based on forged documents, or for lack of authority or

4

capacity; and Nationstar recorded false documents and directed its agents to record false documents when acting as the agent of Bank of New York Mellon as Trustee.

¶10    Nora's third-party complaint alleges the following causes of action: (1) declaration of interests in real estate; (2) common law quiet title; (3) slander of title; (4) negligent supervision of employees and agents; (5) tortious interference with prospective business opportunity; (6) violations of the Wisconsin Organized Crime Control Act; and (7) declaratory judgment that the documents relied on in Bank of New York Mellon as Trustee's complaint are invalid.

¶11    Nationstar moved to dismiss Nora's third-party complaint in July 2024 for failure to state a claim on which relief can be granted, pursuant to WIS. STAT. § 802.06(2)(a)6. (2023-24).[1]  Nora responded to Nationstar's motion to dismiss on August 7, 2024, and Nationstar filed a reply on August 19.  First Horizon and Nationwide Title each filed separate motions to dismiss Nora's third-party complaint on August 26 and August 29, 2024, respectively.[2]  The circuit court set a briefing schedule for First Horizon's motion to dismiss and noted that the matter would be decided on the briefs and record unless oral argument was specifically requested by one of the parties.

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

[2]  Third-party defendants First Horizon Bank and First Horizon Asset Securities, Inc. (collectively, First Horizon) jointly filed a motion to dismiss Nora's third-party complaint.  In its motion to dismiss, First Horizon stated that it was incorrectly named as First Horizon Alternative Mortgage Securities Trust, First Horizon Corporation, and FHN Financial Securities Corp.

The two remaining third-party defendants named in the third-party complaint, Bank of New York Mellon in its corporate capacity and Credit Suisse Securities (USA) LLC, did not file an appearance or a response either to the third-party complaint or to the various motions to dismiss.

5

¶12 On September 6, 2024, after Nationstar's motion to dismiss was fully briefed but before Nora's brief responding to First Horizon's motion to dismiss was due, the circuit court held a hearing at which it heard oral arguments on several motions not at issue in this appeal. Nora told the court at the beginning of the hearing that she was "not prepared to proceed on anything other than the motions that were scheduled for today at [her] request," which did not include any of the motions to dismiss her third-party complaint. She also said that she had "not requested oral argument yet" on any of the motions to dismiss. After considering the motions noticed for hearing, the court stated that Nationstar's motion to dismiss the third-party complaint was fully briefed and that the court was "ready to give a decision on it." Nora said that she "did not request oral argument on Nationstar's motion to dismiss," and the court responded that it was "offering [her] a chance if [she] want[ed] to. Otherwise, I'll just give you my decision." Nora made some arguments for allowing her to amend her counterclaims but did not specifically address the third-party complaint or Nationstar's motion to dismiss.

¶13 The circuit court then stated that it was dismissing all of the claims in the third-party complaint with prejudice. The court also stated that granting Nationstar's motion to dismiss would result in granting First Horizon's motion to dismiss, because the basis for the court's ruling resolved the issues briefed by all of the motions to dismiss. Specifically, the court concluded that Nora's third-party complaint fails to state a claim on which relief can be granted. The court also concluded that Nora lacks standing to challenge the transfer of the note or the assignments of the mortgage. The court further stated that Nora had no right to amend her third-party complaint because there was no way to correct the defects identified in her pleading, implicitly as to all of the third-party defendants. The

6

court then, in response to a statement by Nora, provided additional reasoning for its dismissal of each claim in the third-party complaint.

¶14 The circuit court issued an order on September 17, 2024, granting First Horizon's motion to dismiss the third-party complaint with prejudice for the reasons stated in the hearing, and an order on October 7, 2024, granting Nationstar's motion to dismiss the third-party complaint against all third-party defendants with prejudice. Nora appeals.[3]

---

[3] We note that the parties' appellate briefs fail to comply with the following rules, thereby creating an unnecessary burden on this high-volume court, and we remind counsel and Nora of the obligation to comply with these rules.

Nora's and Nationstar's briefs do not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). As our supreme court explained when it amended the rule in 2021, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of an electronically filed brief. S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021).

Nora's briefs do not comply with WIS. STAT. RULE 809.19(8)(b)3.e., which addresses the minimum margins of appellate briefs. Nora's initial appellant's brief also does not comply with RULE 809.19(8)(b)3.c., which addresses line spacing of appellate briefs.

Nationstar's brief does not comply with WIS. STAT. RULE 809.19(1)(d), which requires that factual assertions be supported by proper citations to the record. Citations to the appendix are insufficient. *See* RULE 809.19(1)(d). Nationstar also purports to "incorporate[] and restate[]" in its brief the arguments in its motion to dismiss. "[T]his is not permissible appellate advocacy; at a minimum, it creates the potential for exceeding the allowable length of briefs and violates the rule addressing the required form of appellate arguments." ***Bank of Am. NA v. Neis***, 2013 WI App 89, ¶11 n.8, 349 Wis. 2d 461, 835 N.W.2d 527 (citing ***State v. Flynn***, 190 Wis. 2d 31, 58, 527 N.W.2d 343 (Ct. App. 1994) and RULE 809.19(1)(e)).

First Horizon's brief refers to the parties by their status on appeal, and not by their names, contrary to WIS. STAT. RULE 809.19(1)(i).

## DISCUSSION

¶15     We address Nora's arguments in turn.

### I. Dismissal of the Third-Party Complaint

#### A.  Failure to State a Claim

¶16     Nora argues that the circuit court erred as a matter of law in dismissing the third-party complaint based on failure to state a claim on which relief can be granted and lack of standing.  Because our conclusion that the third-party complaint fails to state a claim is dispositive of this aspect of Nora's challenge to the circuit court's dismissal of the third-party complaint, we do not address Nora's standing argument.  *See **Barrows v. American Fam. Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

¶17     This court reviews a circuit court's decision on a motion to dismiss for failure to state a claim de novo.  ***CreditBox.com, LLC v. Weathers***, 2023 WI App 37, ¶14, 408 Wis. 2d 715, 993 N.W.2d 802.

> "A motion to dismiss tests the legal sufficiency of the complaint.  Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom.  However, a court cannot add facts in the process of construing a complaint.  Moreover, legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss.  Therefore, our focus is on factual allegations made in the complaint.  We determine whether the facts alleged state a claim for relief, which is a legal question that we review independently."

***Badgerland Restoration & Remodeling, Inc. v. Federated Mut. Ins. Co.***, 2024 WI App 36, ¶12, 412 Wis. 2d 806, 8 N.W.3d 877 (quoted source omitted).  In

other words, to survive a motion to dismiss, "a complaint must plead facts, which if true, would entitle the plaintiff to relief." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶21, 356 Wis. 2d 665, 849 N.W.2d 693.

¶18     "The complaint's sufficiency depends on the substantive law that underlies the claim," *Bank of New York Mellon v. Klomsten*, 2018 WI App 25, ¶21, 381 Wis. 2d 218, 911 N.W.2d 364, because "it is the substantive law that drives what facts must be pled," *Data Key*, 356 Wis. 2d 665, ¶31. "'It is the sufficiency of the facts alleged that control[s] the determination of whether a claim for relief is properly plead.'" *Cattau v. National Ins. Servs. of Wis., Inc.*, 2019 WI 46, ¶6, 386 Wis. 2d 515, 926 N.W.2d 756 (quoting *Strid v. Converse*, 111 Wis. 2d 418, 422-23, 331 N.W.2d 350 (1983)). "For the purposes of this analysis, we cannot permit [a claimant] to rely on hypothetical, speculative 'facts' that might or might not be supplied by the discovery process." *Doe 67C v. Archdiocese of Milwaukee*, 2005 WI 123, ¶46, 284 Wis. 2d 307, 700 N.W.2d 180.

¶19     Nora does not develop any arguments in her appellate briefs specifically explaining how the allegations in the third-party complaint suffice to satisfy the elements of each claim.[4]  We could reject on this basis this aspect of her challenge to the dismissal of the third-party complaint.  *See State v. Pettit*, 171

---

[4]  Rather, Nora argues that the circuit court made certain errors as it issued its oral ruling, separate from whether the allegations satisfy the elements of each claim in the third-party complaint.  We do not address these arguments given our de novo review.  In addition, we note that some of Nora's arguments misrepresent the court's ruling.  For example, Nora asserts that the court "erred in concluding that documents attached to the [t]hird-[p]arty [c]omplaint and incorporated by reference therein … cannot be relied upon to avoid dismissal of the [t]hird-[p]arty [c]omplaint for failure to state a claim."  However, the court did not determine that Nora could not cite, and the court could not consider, the documents attached to the third-party complaint; it explained that "[s]imply referring to a bunch of documents and saying this is all a scheme, and not explaining it and not connecting all the dots in a way that makes any sense, is not enough."

Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (explaining that this court need not consider arguments that are undeveloped). However, for the sake of completeness and because our review is de novo, we now independently review each of the seven claims in the third-party complaint and explain why it fails to state a claim on which relief can be granted.

### 1. Declaration of Interests in Real Estate

¶20 The third-party complaint seeks declaratory relief under WIS. STAT. § 841.01, which provides that "[a]ny person claiming an interest in real property may maintain an action against any person claiming a conflicting interest, and may demand a declaration of interests." § 841.01(1). Under that statute,

> [t]he complaint shall describe the real property, the interest of the plaintiff and how the plaintiff acquired the interest, the interest of each person claiming an interest known to be adverse to the plaintiff, including unborn and unknown persons, and demand that the interest of the plaintiff be established against adverse claims.

WIS. STAT. § 841.02.

¶21 In support of this claim for relief, the third-party complaint alleges as follows. Bank of New York Mellon as Trustee, the plaintiff in the underlying foreclosure action, alleges that it is in possession of the original note through its attorneys, which gives it the right to foreclose on the subject property. But, First Horizon Bank "should be in possession" of the original note under the terms of the agreement governing First Horizon Trust, and First Horizon Bank "has a duty to assure that documents being presented by Nationstar and its agents on behalf of The Bank of New York Mellon as Trustee of [First Horizon] Trust … are genuine and authentic." In addition, various other third-party defendants participated in a "securitization scheme" in which they "fraudulently induced the Nelsons to sign

the [m]ortgage … by failing to disclose the identity of the entity or entities which are the actual source of the funding of the transaction, … or the intended use of the … [n]ote and [m]ortgage in a securitization scheme." Finally, various third-party defendants "may have interests" in the subject property "through purchase and re-purchase agreements and hypothecation and re-hypothecation of the [notes and mortgages or deeds of trust]."

¶22 As stated, the third-party complaint must describe "the interest of each person claiming an interest known to be adverse to the plaintiff." WIS. STAT. § 841.02. The third-party complaint does not satisfy this requirement. First, the third-party complaint does not allege facts showing that any of the third-party defendants claims an interest in the subject property. Second, the third-party complaint merely alleges that some of the third-party defendants "may have interests," but does not describe what those interests are. More specifically, the third-party complaint does not describe what interest each third-party defendant has in the subject property as a result of its alleged fraudulent participation in a securitization scheme. Nor does the third-party complaint describe what interest First Horizon Bank has in the subject property, or how its alleged obligation to ensure that the documents relied on by Bank of New York Mellon as Trustee are authentic gives it any such interest.[5] And, while the third-party complaint alleges

---

[5] Nora refers to evidence outside of the third-party complaint to show that First Horizon Bank "is responsible for" bringing the foreclosure action. Nora also asserts that she would have objected to First Horizon's argument in its motion to dismiss that it does not have any interest in the subject property, as well as pointed to the evidence referenced in her brief, if she had been given an opportunity to respond to First Horizon's motion to dismiss. However, we rely neither on material outside of the third-party complaint nor on First Horizon's argument in the circuit court, but on the allegations in the third-party complaint. As explained above, Nora does not point to, and we do not discern, allegations in the third-party complaint showing that First Horizon claims or has an interest in the subject property beyond general speculation.

that Bank of New York Mellon as Trustee has alleged that it is the holder of the note with the right to foreclose on the subject property, the complaint names as a third-party defendant Bank of New York Mellon in its corporate capacity, not in its capacity as trustee. At most, these allegations establish only a speculative suggestion that some third-party defendants may have some kind of interest in the property. This is insufficient to state a claim for a declaration of interests on which relief can be granted, and the circuit court properly dismissed this claim.

## 2. Quiet Title

¶23    The third-party complaint seeks to quiet title to the subject property pursuant to WIS. STAT. § 895.01(1)(am)13. That statute provides that equitable actions "to quiet the title to real estate" survive in Wisconsin law. § 895.01(1)(am)13. Such equitable actions were referred to in the common law as "quia timet," *Maxon v. Ayers*, 28 Wis. 612, 614 (1871), or actions to "remove a cloud" on the title to real estate, *Burhop v. City of Milwaukee*, 18 Wis. 431, 433 (1864). To maintain an action for common law quia timet, "there must exist an apparent [e]ncumbrance upon the land," and the plaintiff must have no adequate remedy at law. *Pier v. City of Fond du Lac*, 38 Wis. 470, 480-81 (1875). To show the "apparent [e]ncumbrance upon the land," the plaintiff must allege facts showing that the defendant claims an interest in the land. *See Mitchell v. Lyons*, 163 Wis. 399, 402, 158 N.W. 70 (1916) (a person who claims no interest or title in a property is not a proper party to a quiet title action).[6]

---

[6] *See also Action*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining an "action to quiet title" as "[a] proceeding to establish a plaintiff's title to land by compelling the adverse claimant to establish a claim or be forever estopped from asserting it").

¶24 Here, as stated above, the third-party complaint contains no allegation that any of the third-party defendants claims an interest in the subject property. Nor, as also explained above, to the extent that a quiet title claim shares the same elements as a declaration of interests claim, is there any allegation beyond speculation describing the interest in or encumbrance on the subject property that any of the third-party defendants has, even if not claimed. *See Village of Hobart v. Oneida Tribe of Indians of Wis.*, 2007 WI App 180, ¶12, 303 Wis. 2d 761, 736 N.W.2d 896 ("Actions for a declaration of interests were formerly known as quiet title actions."). For these reasons, the third-party complaint fails to state a claim of common law quiet title on which relief can be granted, and the circuit court properly dismissed this claim.

### 3. Slander of Title

¶25 The third-party complaint brings a claim for slander of title pursuant to WIS. STAT. § 706.13. Section 706.13 provides that

> any person who submits for … recording[] any lien, claim of lien, lis pendens, writ of attachment, financing statement[,] or any other instrument relating to a security interest in or the title to real or personal property, and who knows or should have known that the contents or any part of the contents of the instrument are false, a sham or frivolous, is liable in tort to any person interested in the property whose title is thereby impaired, for punitive damages of $1,000 plus any actual damages caused by the filing, entering or recording.

§ 706.13(1). In other words, to state a claim for slander of title, a party must allege that: (1) a person submitted a lis pendens or "other instrument relating to a security interest in or the title to real … property" for recording; (2) that person knew or should have known that some or all of the contents of the instrument "are false, a sham[,] or frivolous"; (3) the party claiming slander of title has an interest

in the property; and (4) that party's title was impaired by the recording of the instrument. *See* § 706.13(1).

¶26    The third-party complaint alleges that Nora obtained an interest in the subject property in June 2019, and that the claim for slander of title is based on the recording of the second and third assignments of mortgage and the second and third lis pendens.  We make the following reasonable inferences from the allegations in the third-party complaint regarding, in chronological order, the second assignment of mortgage and the second lis pendens, and the third assignment of mortgage and the third lis pendens.

¶27    The second assignment of mortgage, recorded on May 22, 2014, purports to assign the mortgage from First Horizon Home Loans, a Division of First Tennessee Bank National Association, by Nationstar Mortgage LLC, its attorney-in-fact, to Bank of New York Mellon as Trustee.  This assignment "was purportedly executed by an individual identified as Tyler Driver in the claimed capacity of 'Vice President of Loan Documentation'" for Nationstar, but Driver was actually an employee of Nationwide Title.  "[I]t appears that Nationstar directed the creation of [this assignment] for the purpose of having [the assignment] recorded in the public land records in an effort to deceive the public as to the substance and true nature of the underlying transaction."  The second lis pendens was recorded on September 24, 2019, by Gray & Associates, LLP.  This lis pendens was based on the false second assignment of mortgage that had been fraudulently executed by an employee of Nationwide Title at the direction of Nationstar.

¶28    The third assignment of mortgage was recorded on June 8, 2022.  This assignment of mortgage had been fraudulently executed on behalf of

14

Nationstar, as Bank of New York Mellon as Trustee's attorney-in-fact. The person who executed the third assignment of mortgage did not hold the position stated on that instrument, and Nationstar was not Bank of New York Mellon as Trustee's attorney-in-fact. The third lis pendens was recorded by Phillip A. Norman, P.C., on August 19, 2022. This lis pendens was based on the false third assignment of mortgage.

¶29 When recording the second and third lis pendens, Gray & Associates, LLP, and Phillip A. Norman, P.C., respectively, were acting as agents of Nationstar. In creating the false assignments of mortgage on which the second and third lis pendens were based, Nationstar was acting as the agent of Bank of New York Mellon as Trustee.

¶30 As an initial matter, the third-party complaint does not allege actions by any third-party defendants other than Nationstar. For this reason, the complaint fails to state a slander-of-title claim against the remaining third-party defendants, and Nora's claim against those parties was properly dismissed.

¶31 We now turn to the third-party complaint's allegations, and any reasonable inferences that can be derived from these allegations, with respect to Nationstar. As stated, one of the elements of a slander-of-title claim is that the claimant's "title is thereby impaired" by the recording of a false, sham, or frivolous instrument. WIS. STAT. § 706.13(1). Neither statutes nor case law illuminate what it means to "impair" a person's "title." Consequently, we turn to Black's Law Dictionary, which includes an apt definition of "impair" as "[t]o diminish the value of (property or a property right)," *Impair*, BLACK'S LAW DICTIONARY (12th ed. 2024), and "title" as "[t]he union of all elements … constituting the legal right to control and dispose of property," *Title*, BLACK'S

15

LAW DICTIONARY (12th ed. 2024). Black's Law Dictionary also contains an apt definition of "slander of title" as "[a] false statement, made orally or in writing, that casts doubt on another person's ownership of property and thereby causing damage or loss." *Slander of Title*, BLACK'S LAW DICTIONARY (12th ed. 2024). We now consider whether the third-party complaint alleges that Nationstar's recording of the assignments of mortgage and lis pendens diminished the value of Nora's legal right to control and dispose of her property, causing damage or loss.

¶32     The third-party complaint alleges that Nora suffered actual damages of "costs and expenses in defending against the second and third attempted foreclosure actions and her lost prospective business opportunity to engage in the best and most profitable use of the [s]ubject [p]roperty." However, the allegations in the complaint do not connect the recording of either the assignments of mortgage or the lis pendens in any way to these alleged injuries. Any alleged injury Nora suffered by "defending" against foreclosure was independently caused by the filing of "the second and third attempted foreclosure actions," not by the recording of the lis pendens, which merely provided notice of the pending foreclosure actions. *See Gaugert v. Duve*, 2001 WI 83, ¶24, 244 Wis. 2d 691, 628 N.W.2d 861 (explaining that the statutory requirement to file a lis pendens is "intended to provide the means for third parties to obtain notice of the pending litigation and the court's power to enforce the outcome of that dispute against a subsequent purchaser or encumbrancer"). To the extent that the allegations about the lis pendens mean to challenge the validity of the foreclosure action by Bank of New York Mellon as Trustee, Nora remains free to prove those allegations in defense against that action.

¶33     With respect to the assignments of mortgage, the third-party complaint also fails to connect the recording of those instruments to any

diminishment in the value of Nora's title. *See* WIS. STAT. § 706.13 (defining slander of title as an act that impairs a party's title); *Impair*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("[t]o diminish the value of (property or a property right)"). The third-party complaint alleges that Nora took title to the subject property with knowledge of the mortgage lien on the property and does not allege that the assignments of mortgage in any way impaired her title beyond any impairment caused by the mortgage she knew encumbered the subject property. Again, to the extent that the allegations about the assignments of mortgage mean to challenge the validity of the foreclosure action by Bank of New York Mellon as Trustee, Nora remains free to prove those allegations in defense against that action.

¶34    The failure to allege facts showing impairment of title caused by the recording of the second and third assignments of mortgage and second and third lis pendens is fatal to the slander-of-title claim. For this reason, the third-party complaint fails to state a claim for slander of title on which relief can be granted, and the circuit court properly dismissed this claim.

### 4. Negligent Supervision of Employees and Agents

¶35    The third-party complaint alleges that the third-party defendants negligently supervised their employees or agents. To state a claim for negligent supervision,

> a plaintiff must show: (1) the employer owed a duty of care to the plaintiff, (2) the employer breached its duty, (3) a wrongful act or omission of an employee was a cause-in-fact of the plaintiff's injury, and (4) an "act or omission of the employer was a cause-in-fact of the wrongful act of the employee."

17

*Hansen v. Texas Roadhouse, Inc.*, 2013 WI App 2, ¶18, 345 Wis. 2d 669, 827 N.W.2d 99 (2012) (quoting *Doe 67C*, 284 Wis. 2d 307, ¶43). A key analysis within negligent supervision is the issue of causation, which must establish "a nexus between the negligent … supervision and the act of the employee." *Miller v. Wal-Mart Stores, Inc.*, 219 Wis. 2d 250, 262, 580 N.W.2d 233 (1998). "[I]ntent and negligence are mutually exclusive and one cannot intend to injure someone by negligent conduct." *State v. Asfoor*, 75 Wis. 2d 411, 428, 249 N.W.2d 529 (1977); *cf. Talley v. Mustafa*, 2018 WI 47, ¶¶20, 33, 381 Wis. 2d 393, 911 N.W.2d 55 ("A plaintiff's attempt to reconfigure a claim of assault and battery as a claim of negligence will not transform an intentional act into an accidental one."); WIS JI—CIVIL 1383 (for negligent supervision claim, jury must find that employer "was negligent" by, "without intending to do harm, do[ing] something … with respect to the … supervision … of an employee").

¶36     The third-party complaint alleges that the third-party defendants

> owe a duty [to] supervise their employees and agents to prevent the recording of documents forged and uttered in violation of WIS. STAT. § 943.38(1) and (2) with the Dane County Register of Deeds … [and] to prevent production of copies of documents, including assignments of mortgage and forged documents purporting to be copies of original [n]otes in court proceedings which are forged and uttered in violation of … § 943.38(1) and (2) with the Dane County Register of Deeds.

The third-party complaint also alleges that

> [t]he recording and uttering of forged documents in the public land records and in court proceedings involving the [s]ubject [p]roperty has injured [Nora] by causing her to have to engage in litigation in the [s]econd and [t]hird [f]oreclosure [a]ctions, interfering with the peaceful enjoyment of the [s]ubject [p]roperty and preventing her from putting the [s]ubject [p]roperty to its best and highest use.

¶37    The third-party complaint further alleges that Nationstar and Nationwide Title directed their employees to create, execute, and record false, forged, or otherwise invalid assignments of mortgage. Specifically, the third-party complaint alleges that Nationstar and Nationwide Title directed their employees to execute the assignments of mortgage as employees of companies they did not work for, and therefore that those employees did not have authority to execute those assignments of mortgage.

¶38    It is apparent from these allegations that the negligent supervision claim is directed only at Nationstar and Nationwide Title. It is further apparent from these allegations that the third-party complaint alleges not negligent supervision on the part of Nationstar or Nationwide Title, but rather intentional wrongful conduct by Nationstar and Nationwide Title. For this reason, the third-party complaint fails to state a claim for negligent supervision of employees or agents on which relief can be granted, and the circuit court properly dismissed this claim.

5. Tortious Interference with Prospective Business Opportunity

¶39    The third-party complaint alleges that "[t]he creation, production, recording and uttering of forged documents into the Dane County Register of Deeds related to the [s]ubject [p]roperty has interfered with [Nora's] prospective business opportunity to her detriment or damage." Nora points to no statute or published case law recognizing a claim for "tortious interference with prospective business opportunity" in so many words, and our research reveals none, and so we analyze whether the third-party complaint states a claim for what we understand to be a claim of tortious interference with a prospective contractual relationship. *See Hubbard v. Neuman*, 2024 WI App 22, ¶16, 411 Wis. 2d 586, 5 N.W.3d 852

("[W]hat controls whether a complaint properly states a claim for relief are the factual allegations pled in the complaint, and not the causes of action that are explicitly identified in the complaint."). The elements of that claim are: "'(1) the plaintiff had a contract or prospective contractual relationship with a third party; (2) the defendant interfered with the relationship; (3) the interference was intentional; (4) a causal connection exists between the interference and the damages; and (5) the defendant was not justified or privileged to interfere.'" *Burbank Grease Servs., LLC v. Sokolowski*, 2006 WI 103, ¶44, 294 Wis. 2d 274, 717 N.W.2d 781 (quoted source omitted).

¶40    The third-party complaint makes no allegations that Nora had a "prospective contractual relationship with a third party," or, using the terms of the complaint, a prospective business opportunity, at the time of the alleged actions by the third-party defendants in "[t]he creation, production, recording and uttering of forged documents" regarding the subject property. Because the third-party complaint fails to satisfy this element of the claim, we need not consider the remaining elements. Accordingly, the third-party complaint fails to state a claim for tortious interference with a prospective business opportunity or contractual relationship on which relief can be granted, and the circuit court properly dismissed this claim.

### 6. Wisconsin Organized Crime Control Act

¶41    The third-party complaint alleges that the third-party defendants "have combined to operate an enterprise in violation of WIS. STAT. § 946.82(2) to foreclose on the [s]ubject [p]roperty" and "have engaged in a pattern of racketeering conduct in violation of … § 946.82(3) since October 24, 2011 when the [f]irst [f]oreclosure [a]ction was commenced by agents of First Horizon

Bank's predecessor in interest using forged and uttering forged documents in violation of WIS. STAT. § 943.38(1) and (2)." The third-party complaint further alleges that Nora "has been injured by the racketeering enterprise by which [Bank of New York Mellon as Trustee] and [t]hird-[p]arty [d]efendants are operating in concert to damage her interests in the [s]ubject [p]roperty in an amount to be proven at trial."

¶42 The Wisconsin Organized Crime Control Act specifically provides a civil cause of action to a private plaintiff "who is injured by reason of any violation of [WIS. STAT. §] 946.83." WIS. STAT. § 946.87(4).

¶43 WISCONSIN STAT. § 946.83(2) and (3) provide:

(2) No person, through a pattern of racketeering activity, may acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.

(3) No person employed by, or associated with, any enterprise may conduct or participate, directly or indirectly, in the enterprise through a pattern of racketeering activity.

¶44 A "pattern of racketeering activity" is defined as

engaging in at least 3 incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, provided … that the last of the incidents occurred within 7 years after the first incident of racketeering activity. Acts occurring at the same time and place which may form the basis for crimes punishable under more than one statutory provision may count for only one incident of racketeering activity.

WIS. STAT. § 946.82(3). "Racketeering activity" includes, pertinent here, "the attempt, conspiracy to commit, or commission of any of the felonies specified in … [WIS. STAT. §] 943.38." § 946.82(4).

¶45    WISCONSIN STAT. § 943.38, "Forgery," provides:

> (1) Whoever with intent to defraud falsely makes or alters a writing or object of any of the following kinds so that it purports to have been made by another, or at another time, or with different provisions, or by authority of one who did not give such authority, is guilty of a Class H felony:
>
> (a) A writing or object whereby legal rights or obligations are created, terminated[,] or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights[.]
>
> ….
>
> (2) Whoever utters as genuine or possesses with intent to utter as false or as genuine any forged writing or object mentioned in sub. (1), knowing it to have been thus falsely made or altered, is guilty of a Class H felony.

¶46    The third-party complaint contains the following allegations in support of the Wisconsin Organized Crime Control Act claim.

¶47    The first assignment of mortgage "purports to have been executed on December 8, 2011 by Patrick J. Bowman in the capacity of Assistant Secretary of Mortgage Registration Systems, Inc. when … Bowman was actually an employee of Nationstar, according to his self-report on linkedin.com."

¶48    On May 21, 2014, the second assignment of mortgage "was purportedly executed by an individual identified as Tyler Driver in the claimed capacity of 'Vice President of Loan Documentation'" on behalf of "First Horizon Home Loans, a Division of First Tennessee Bank National Association, by Nationstar Mortgage LLC, its Attorney-In-Fact," when "'First Horizon Home Loans, a Division of First Tennessee Bank National Association' was not the assignee named in" the first assignment of mortgage. Apparently inconsistently, the third-party complaint also alleges that the assignee named in the first

assignment of mortgage is "'First Horizon Home Loans, a Division of First Tenn National Association." Continuing with the second assignment of mortgage, the third-party complaint further alleges that "Tyler Driver was not Vice President of Loan Documentation for Nationstar Mortgage LLC but was, in fact, employed by Nationwide Title Clearing, LLC." The second assignment of mortgage was recorded with the Dane County Register of Deeds on May 22, 2014.

¶49     On June 2, 2022, the third assignment of mortgage was "created and executed by Tsedale Alemu purporting to be Vice President of 'The Bank of New York Mellon F/K/A The Bank of New York as Trustee … by Nationstar Mortgage LLC its Attorney-in-Fact," at the direction of Nationstar. "Alemu was not a Vice President of The Bank of New York Mellon … as Trustee … and Nationstar was not Attorney-in-Fact for The Bank of New York Mellon … as Trustee … because there is no entity in existence known as" the trust for which Bank of New York Mellon is listed as trustee. The third assignment of mortgage was recorded with the Dane County Register of Deeds on June 8, 2022.

¶50     Because a pattern of racketeering activity is defined as three or more incidents of racketeering activity occurring within seven years of each other, WIS. STAT. § 946.82(3), not all of the actions alleged by Nora can be considered. The only three pertinent actions alleged in the third-party complaint that occurred within seven years of each other are: (1) the execution of the first assignment of mortgage on December 8, 2011; (2) the execution of the second assignment of mortgage on May 21, 2014; and (3) the recording of the second assignment of mortgage on May 22, 2014. The third assignment of mortgage was allegedly created in June 2022, over eight years after the second assignment of mortgage was alleged to have been recorded, and thus cannot be considered for purposes of

determining whether the third-party complaint sufficiently alleges a violation of the Wisconsin Organized Crime Control Act. *See* § 946.82(3).

¶51 A civil action under the Wisconsin Organized Crime Control Act must be commenced within six years "after a violation under [WIS. STAT. §§] 946.80 to 946.88 terminates or the cause of action accrues." § 946.88(1). The only alleged pattern of racketeering activity alleged in the third-party complaint terminated in May 2014. Nora did not commence this action until April 2024, well past the end of six-year statute of limitations. Accordingly, the third-party complaint fails to state a Wisconsin Organized Crime Control Act claim on which relief can be granted, and the circuit court properly dismissed this claim.[7] *See Enz v. Duke Energy Renewable Servs., Inc.*, 2023 WI App 24, ¶38, 407 Wis. 2d 728, 991 N.W.2d 423 (statute of limitations may be considered at the motion to dismiss stage).

### 7. Declaratory Judgment

¶52 The third-party complaint asserts a claim for declaratory judgment, pursuant to WIS. STAT. § 806.04, asking that the circuit court enter a judgment declaring that "any or all of the documents" that the Bank of New York Mellon as Trustee relies on in its complaint in the underlying foreclosure action are "false, fraudulent, forged or otherwise invalid."

---

[7] We take no position on whether the allegations in the third-party complaint with respect to the execution and recording of the first and second assignments of mortgage would suffice to state a claim under the Wisconsin Organized Crime Control Act if they did not fall outside of the statute of limitations.

¶53    Generally, "a declaratory judgment is fitting when a controversy is justiciable." *Putnam v. Time Warner Cable of Se. Wis.*, 2002 WI 108, ¶41, 255 Wis. 2d 447, 649 N.W.2d 626. A controversy is justiciable when: (1) "a claim of right is asserted against one who has an interest in contesting it"; (2) the controversy is "between persons whose interests are adverse"; (3) the party seeking a declaratory judgment has "a legally protectible interest"; and (4) the issue is "ripe for judicial determination." *Id.* However, "declaratory relief is disfavored if there is a 'speedy, effective and adequate' alternative remedy." *Voters with Facts v. City of Eau Claire*, 2017 WI App 35, ¶35, 376 Wis. 2d 479, 899 N.W.2d 706 (quoting *Lister v. Board of Regents of Univ. of Wis. Sys.*, 72 Wis. 2d 282, 307-08, 240 N.W.2d 610 (1976)).

¶54    Here, the only party that "has an interest in contesting" the claim that the note and assignments of mortgage are invalid is the plaintiff in the foreclosure action, Bank of New York Mellon as Trustee. *See Putnam*, 255 Wis. 2d 447, ¶41 (explaining that declaratory judgment may be appropriate when "a claim of right is asserted against one who has an interest in contesting it"). But, the third-party complaint does not name Bank of New York Mellon as Trustee as a third-party defendant, and does not allege facts showing that any of the third-party defendants claims any interest in the subject property. Accordingly, there is no justiciable controversy between Nora and the third-party defendants. Rather, to the extent that these allegations mean to challenge the validity of the foreclosure action brought by Bank of New York Mellon as Trustee, Nora remains free to prove them in defense against that action.

¶55    Further, it is questionable whether the third-party complaint alleges that Nora has a legally protectible interest in determining the validity of the assignments of mortgage, as only the note has legal significance for purposes of

the foreclosure action. *See **Dow Fam., LLC v. PHH Mortg. Corp.***, 2013 WI App 114, ¶26, 350 Wis. 2d 411, 838 N.W.2d 119, *aff'd*, 2014 WI 56, 354 Wis. 2d 796, 848 N.W.2d 728 (plaintiff "did not need to prove a written assignment of mortgage" when it possessed the note); ***Klomsten***, 381 Wis. 2d 218, ¶22 (the holder of the note may show that it is entitled to foreclose on the mortgage securing the note); ***Dow Fam., LLC v. PHH Mortg. Corp.***, 2014 WI 56, ¶47, 354 Wis. 2d 796, 848 N.W.2d 728 (explaining that "a mortgage automatically passes by operation of law upon the assignment of a mortgage note" under the doctrine of equitable assignment). If, under the doctrine of equitable assignment, the assignments of mortgage are irrelevant to the foreclosure, then Nora has no legally protectible interest in determining their validity, and thus the claim for declaratory judgment fails to state claim on which relief can be granted on this basis as well. *See **Putnam***, 255 Wis. 2d 447, ¶41 (declaratory judgment is appropriate only when the party seeking a declaratory judgment has "a legally protectible interest").

¶56 In addition, Nora has a "speedy, effective and adequate" remedy available to determine the validity of the documents attached to Bank of New York Mellon as Trustee's complaint. *See **Lister***, 72 Wis. 2d at 307-08. As stated, Nora denied the validity of the documents relied on by Bank of New York Mellon as Trustee in her amended answer to Bank of New York Mellon as Trustee's complaint. As part of adjudicating the foreclosure action, the circuit court will be required to determine whether Bank of New York Mellon as Trustee is a qualifying holder of the note, and whether the note is valid. *See **Klomsten***, 381 Wis. 2d 218, ¶¶22-23, 32 (party seeking to foreclose "must prove that it has the right to enforce the … note" and "that it is in possession of the original note"). To the extent that the assignments of mortgage attached to the complaint have any

bearing on the right to foreclose on the subject property, their validity may be determined in the foreclosure action as well.

¶57    For all these reasons, the third-party complaint fails to state a declaratory judgment claim on which relief can be granted, and the circuit court properly dismissed this claim.

### B. Dismissal Against Non-Appearing Parties

¶58    Nora argues that the circuit court erred when it dismissed the third-party complaint against third-party defendants that had not yet appeared in the action.

¶59    Nora cites two cases in support of her argument: ***Wengerd v. Rinehart***, 114 Wis. 2d 575, 587, 338 N.W.2d 861 (Ct. App. 1983), and ***Bill Johnson's Restaurants, Inc. v. NLRB***, 461 U.S. 731, 741 (1983).  However, Nora does not explain how either case supports her argument, and our independent review reveals that they do not.

¶60    In ***Wengerd***, this court concluded that orders "not made on notice" were "defective" because they granted relief that was not sought by the motion, and because "[d]ue process requires that an individual whose rights will be affected by judicial decree be given notice reasonably calculated to inform the person of the proceeding and to afford that person an opportunity to object and defend [that person's] rights." ***Wengerd***, 114 Wis. 2d at 587.  Here, the order of dismissal granted by the circuit court was made on notice: Nationstar's motion to dismiss specifically requested dismissal of Nora's third-party complaint "against third parties" "in its entirety," and Nora filed a brief opposing that motion.  In

addition, Nora was given an opportunity to argue against the dismissal of the third-party complaint at the motion hearing.

¶61 The other case that Nora cites, *Bill Johnson's Restaurants*, concerned whether the National Labor Relations Board can halt the prosecution of a state-court lawsuit "brought by an employer to retaliate against employees for exercising federally-protected labor rights, without also finding that the suit lacks a reasonable basis in fact or law." *Bill Johnson's Restaurants*, 461 U.S. at 733. Reasoning that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances," the United States Supreme Court concluded that it could not. *Id.* at 741, 743. Here, Nora was given access to the courts, and the circuit court dismissed the third-party complaint on several grounds including that it fails to state a claim on which relief can be granted. Nora does not explain how the dismissal of the third-party complaint against non-appearing defendants violated her First Amendment rights. Both *Wengerd* and *Bill Johnson's Restaurants* are inapposite.

¶62 We find further support for our conclusion that the circuit court's dismissal of the third-party complaint with respect to all parties was proper in *Enz*, 407 Wis. 2d 728, ¶1 n.1. In *Enz*, which involved two defendants, only one of whom filed a motion to dismiss, this court concluded that the circuit court's dismissal of the complaint "in its entirety" applied to both defendants. *Id. Enz* is not exactly on point because both parties in *Enz* had appeared in the action. However, *Enz* supports the idea that circuit courts can dismiss a complaint "in its entirety" with respect to all parties, even those who have not themselves filed or joined a motion to dismiss. *See id.*

¶63 For all these reasons, we reject Nora's argument that the circuit court erred when it dismissed the third-party complaint against third-party defendants that had not yet appeared in the action.

### C. Opportunity to Amend

¶64 Nora asserts that she "should be permitted a final opportunity to amend her [t]hird-[p]arty [c]omplaint" and implicitly argues that the circuit court erred in dismissing the third-party complaint without giving her that opportunity. Generally, a circuit court's decision to grant or deny a motion to amend a complaint is discretionary. *Mach v. Allison*, 2003 WI App 11, ¶20, 259 Wis. 2d 686, 656 N.W.2d 766 (2002). However, here, Nora did not file a motion to amend the third-party complaint in the circuit court. To the extent that Nora attributes error to the court, she has forfeited that issue by not raising it first in the circuit court. *See Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶15, 273 Wis. 2d 76, 681 N.W.2d 190 ("'Issues that are not preserved at the circuit court … generally will not be considered on appeal.'" (quoted source omitted)). To the extent that Nora asks that this court remand with directions to order the circuit court to allow her to amend the third-party complaint, we do not have the authority to do so. *See Vlies v. Brookman*, 2005 WI App 158, ¶33, 285 Wis. 2d 411, 701 N.W.2d 642 ("The function of an appellate court is not to exercise discretion in the first place, but to review the circuit court's exercise of discretion."). For these reasons, Nora's arguments on this issue fail.

### II. Conflict of Interest

¶65 Nora argues that the circuit court erred by declining to address her argument that the same counsel improperly represented multiple parties without a written waiver of conflict of interest. Typically, a circuit court's decision on

29

whether to disqualify counsel is reviewed for an erroneous exercise of discretion. *Batchelor v. Batchelor*, 213 Wis. 2d 251, 260, 570 N.W.2d 568 (Ct. App. 1997).

¶66     In the circuit court, Nora indicated her opposition to the multiple representation of Nationstar, Nationwide Title, and Bank of New York Mellon as Trustee in her brief responding to Nationstar's motion to dismiss the third-party complaint, stating that there was no written waiver of conflict of interest and that she "reserves her right to seek disqualification" of the firm and counsel.   In addition, at the hearing at which the court granted Nationstar's motion to dismiss, Nora stated: "The ground[] that I assert is that … Nationstar actually retained the counsel that is claiming to represent the purported plaintiff, and has again appeared before this court on behalf of other parties.   And that is a conflict of interest on its face, which I would have briefed."   In the circuit court, Nora cited SCR 20:1.7 and 20:1.8 of the Wisconsin Code of Professional Conduct in support of her argument.   However, "[v]iolations of the Code of Professional Conduct are determined only by means of disciplinary action"; accordingly, the court appropriately declined to address Nora's argument.   *See Foley-Ciccantelli v. Bishop's Grove Condo. Ass'n, Inc.*, 2011 WI 36, ¶2, 333 Wis. 2d 402, 797 N.W.2d 789 ("Violations of the Code of Professional Conduct are determined only by means of disciplinary action.").

¶67     Nora cites *Foley-Ciccantelli*, 333 Wis. 2d 402, ¶5, for the proposition that she has standing to move for the disqualification of an opposing party's attorney.   That case does not support her argument.   *Foley-Ciccantelli* dealt with a defendant's motion to disqualify the attorney representing the plaintiffs on the ground that the attorney's law firm had previously represented the defendant's property manager and had communicated with the property manager regarding the case at issue.   *Id.*, ¶¶2-3.   Here, Nora did not move to disqualify

Nationstar's attorney; she merely asserted in her brief in response to Nationstar's motion to dismiss that she "reserves her right to seek disqualification." Because Nora did not argue in the circuit court that Nationstar's counsel should be disqualified, she forfeited that argument, and we need address it no further. *See Townsend v. Massey*, 2011 WI App 160, ¶25, 338 Wis. 2d 114, 808 N.W.2d 155 ("the forfeiture rule focuses on whether particular arguments have been preserved, not on whether general issues were raised before the circuit court"); *State v. Rogers*, 196 Wis. 2d 817, 828-29, 539 N.W.2d 897 (Ct. App. 1995) (explaining that, to preserve its right to appeal, a party must do more than "signal its general interest in" making an argument; the forfeiture rule "requires that the appellant articulate each of its theories to the [circuit] court").

¶68 Moreover, Nora fails to develop an argument in this court as to how she would be injured by the multiple representation by the same counsel of Nationstar, Nationwide Title, Bank of New York Mellon as Trustee, and the non-appearing third-party defendants, and, therefore, fails to show that she has standing to challenge that representation. *See Foley-Ciccantelli*, 333 Wis. 2d 402, ¶40 (standing requires that the party's interest will be injured or adversely affected by the issue in controversy).

¶69 For these reasons, we reject Nora's argument that the circuit court erred by allowing counsel for Nationstar to represent Bank of New York Mellon as Trustee and multiple third-party defendants.

### III. Due Process

#### A. *Dismissal Before Opportunity to Respond*

¶70    Nora argues that the circuit court deprived her of due process when it dismissed the third-party complaint before she had an opportunity to respond to some third-party defendants' motions to dismiss and before other third-party defendants appeared.  Whether a party's due process rights were violated is a question of law that we review de novo.  ***Xerox Corp. v. DOR***, 2009 WI App 113, ¶12, 321 Wis. 2d 181, 772 N.W.2d 677.

¶71    "The fundamental requirements of procedural due process are notice and an opportunity to be heard."  ***Northbrook Wis., LLC v. City of Niagara***, 2014 WI App 22, ¶21, 352 Wis. 2d 657, 843 N.W.2d 851.  Here, the circuit court did not give advance notice that it would be ruling on Nationstar's motion to dismiss at the hearing at which it granted that motion, and Nora did not before the hearing respond to First Horizon's or Nationwide Title's motions to dismiss.  However, the arguments that Nationstar put forth in its motion to dismiss applied to all of the third-party defendants, and Nora was given a meaningful opportunity to be heard in response to Nationstar's motion: she filed a brief opposing that motion and was given the opportunity to present oral argument.  Accordingly, Nora's opportunity to be heard with respect to Nationstar's motion to dismiss gave her the opportunity to respond to arguments that applied to all of the third-party defendants, including those who had filed their own motions to dismiss and those who had not yet appeared in the action.  Specifically pertinent here, Nationstar's argument that the third-party complaint fails to state a claim applied to all of the third-party defendants, and we have explained above that the third-party complaint does fail

to state a claim as to all of the third-party defendants. Accordingly, we conclude that Nora's due process rights were not violated.

¶72 Nora does not develop an argument to the contrary. Instead, Nora cites without explanation three cases: *Neylan v. Vorwald*, 124 Wis. 2d 85, 95, 368 N.W.2d 648 (1985); *William B. Tanner Co. v. Estate of Fessler*, 100 Wis. 2d 437, 446-47, 302 N.W.2d 414 (1981), *abrogated on other grounds by Sears, Roebuck & Co. v. Plath*, 161 Wis. 2d 587, 468 N.W.2d 689 (1991); and *Bill Johnson's Restaurants*, 461 U.S. at 741. None of these cases support her argument.

¶73 The issue in *Neylan* was whether a circuit court could sua sponte dismiss a complaint for failure to prosecute without giving actual notice to the parties. *Neylan*, 124 Wis. 2d at 86. There, our supreme court concluded that a dismissal entered "without actual notice before entry precluded the opportunity to be heard" and, therefore, violated due process. *Id.* at 95. The court explained that "[i]f there had been actual notice given of the dismissal, the plaintiffs' counsel could have proceeded under [the statute] governing relief from judgments[,] … which 'renders the lack of prior notice of less consequence.'" *Id.* at 95-96 (quoted source omitted). The court further explained that "'[t]he adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of [the party's] own conduct.'" *Id.* at 90 (quoted source omitted).

¶74 Here, Nora had notice that Nationstar moved to dismiss the third-party complaint in its entirety. She also had an opportunity to be heard regarding that motion, both via her written response to Nationstar's motion to dismiss and via the opportunity the circuit court provided to her to orally argue against the

motion at the hearing, which opportunity she did not take. The court then provided notice at the hearing that its decision on Nationstar's motion to dismiss was "going to grant and affect the other two [motions to dismiss filed by two other third-party defendants] [because] [t]hey all raise the same arguments…. I think I'm resolving the issue[s] that they all brief." Unlike the plaintiffs in *Neylan*, Nora was given notice that the court was going to dismiss her claims and had an opportunity to present oral argument, ask for a continuance to respond to the other motions to dismiss to the extent that they made arguments not made in Nationstar's motion, or move for reconsideration. *See id.* at 95 ("If there had been actual notice given of the dismissal, the plaintiffs' counsel could have proceeded under [the statute] governing relief from judgments."). Given this material difference in "the circumstances" between *Neylan* and this case, *see id.* at 90, *Neylan* does not support Nora's argument.

¶75 In *Estate of Fessler*, our supreme court explained that "when the rights or interests of a person are sought to be affected by judicial … decree, due process requires that the individual be given notice reasonably calculated to inform the person of the pending proceeding and to afford [the individual] an opportunity to object and defend [the individual's] rights." *Estate of Fessler*, 100 Wis. 2d at 447. To repeat, Nora was given notice that Nationstar's motion to dismiss effectively sought to dismiss the third-party complaint in its entirety as to all third-party defendants, and the circuit court provided her with an opportunity to oppose that motion both with her brief in response and with argument at the hearing. Thus, Nora had notice of and opportunity to be heard on the motion to dismiss the third-party complaint as to all third-party defendants, including the argument that the third-party complaint fails to state a claim. Nora also had the opportunity at the hearing to object to the court applying its ruling to grant First

34

Horizon's and Nationwide Title's motions to dismiss on the same basis as it granted Nationstar's motion. ***Estate of Fessler*** does not support Nora's argument that her due process rights were violated here.

¶76   As explained above, the United States Supreme Court in ***Bill Johnson's Restaurants*** held that, under the First Amendment, the National Labor Relations Board could not halt a state-court lawsuit brought by an employer without finding that the suit lacked a reasonable basis in fact or law. ***Bill Johnson's Restaurants***, 461 U.S. at 733, 743.   Here, the circuit court dismissed Nora's third-party complaint on the basis that it fails to state a claim on which relief can be granted.   Nora does not explain how the dismissal of the third-party complaint pursuant to Nationstar's motion to dismiss violated her First Amendment rights.

¶77   For these reasons, we reject Nora's argument that the circuit court deprived her of her due process rights by dismissing the third-party complaint before she had an opportunity to respond to some third-party defendants' motions to dismiss and before other third-party defendants appeared.

### B. Dismissal Before Oral Argument

¶78   Nora asserts that the circuit court deprived her of her due process rights when it denied her the opportunity to present oral argument in opposition to Nationstar's motion to dismiss.   However, at the hearing she declined the court's invitation to present oral argument in opposition to Nationstar's motion.   More generally, Nora fails to develop an argument supported by citations to relevant legal authority as to why she was entitled to oral argument as to any of the three motions to dismiss, and we reject this assertion on that basis. ***See Pettit***, 171 Wis.

2d at 646-47 (explaining that this court need not consider arguments that are unsupported by legal authority or are otherwise undeveloped).

## CONCLUSION

¶79 For the reasons stated above, we conclude that the circuit court properly dismissed Nora's third-party complaint for failure to state a claim on which relief can be granted. We also reject Nora's remaining claims of error. Accordingly, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.